William Nelson
1523 132ND ST SE STE. C418
Everett, Washington 98208
425-645-9222 | 808-204-1401
william@seattleseahawks.me

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **WILLIAM NELSON,** | Case No.: 2:26-cv-00337-KKE |
| **Plaintiff,** | |
| vs. | **COMPLAINT FOR VIOLATIONS OF:** |
| **SILVERLAKE WATER DISTRICT ET AL.** | **(1) AMERICANS WITH DISABILITIES ACT, TITLE II (42 U.S.C. § 12131 et seq.)** |
| | **(2) SECTION 504 OF THE REHABILITATION ACT (29 U.S.C. § 794)** |
| | **(3) WASHINGTON LAW AGAINST DISCRIMINATION (RCW 49.60)** |
| **Defendants.** | **(4) ABUSE OF VULNERABLE ADULT (RCW 74.34)** |
| | **JURY DEMAND** |

Plaintiff William J. Nelson, proceeding pro se, brings this action against Defendants Silver Lake Water and Sewer District (the "District") and Curt Brees, in his official capacity as District Manager, and alleges as follows:

## I.   JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) because this action arises under the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq., and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.

2. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to the federal claims that they form part of the same case or controversy.

COMPLAINT FOR VIOLATIONS OF:(1) AMERICANS WITH DISABILITIESACT, TITLE II (42 U.S.C. § 12131 ET SEQ.)(2) SECTION 504 OF THEREHABILITATION ACT (29 U.S.C. § 794)(3) WASHINGTON LAW AGAINSTDISCRIMINATION (RCW 49.60)(4) ABUSE OF VULNERABLE ADULT(RCW 74.34)JURY DEMAND - 1

3. Venue is proper in the Western District of Washington pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in Snohomish County, Washington, which is within this judicial district, and Defendants are located within this district.

## II. PARTIES

4. Plaintiff William J. Nelson ("Plaintiff" or "Mr. Nelson") is a natural person and resident of Snohomish County, Washington, residing at 12432 40th Avenue SE, Everett, Washington 98208. Mr. Nelson is a qualified individual with a disability within the meaning of the ADA and Section 504.

5. Mr. Nelson suffers from Long COVID, a recognized disability that causes cognitive impairment, executive function deficits, sensory processing difficulties, and risk of blackouts and falls. Mr. Nelson's Long COVID substantially limits major life activities including thinking, concentrating, communicating, and caring for himself.

6. Mr. Nelson is a "vulnerable adult" within the meaning of RCW 74.34.020(22) because he is a person who has a developmental disability, has a functional, mental, or physical inability to care for himself, and/or is unable to manage his property or financial affairs due to cognitive limitations caused by his disability.

7. Due to his cognitive disability, Mr. Nelson utilizes an AI assistive technology device ("Athena AI") recognized under the ADA as an assistive communication tool to help him engage in complex communications and administrative tasks.

8. Defendant Silver Lake Water and Sewer District ("the District") is a Washington municipal corporation and special purpose district organized under RCW Title 57, providing essential water and sewer utility services to residents in Snohomish County, Washington. The District is a "public entity" within the meaning of Title II of the ADA, 42 U.S.C. § 12131(1), and receives federal financial assistance, making it subject to Section 504 of the Rehabilitation Act.

9. Defendant Curt Brees ("Mr. Brees") is the District Manager of Silver Lake Water and Sewer District and is sued in his official capacity. Mr. Brees is responsible for the District's day-to-day operations, including its policies and practices regarding customer service, utility shutoffs, and accommodation of individuals with disabilities.

### III. FACTUAL ALLEGATIONS

**A. Background and Prior Notice of Disability**

10. Mr. Nelson has been a customer of the District's water and sewer services at his residence.

11. Upon information and belief, the District was provided notice of Mr. Nelson's disability in 2023. The District's records should reflect this prior notice.

12. Mr. Nelson has periodically experienced difficulty managing his utility bills due to his cognitive disability, which affects his executive function and ability to process complex administrative tasks.

13. Mr. Nelson and his wife, Jessie Nelson, are eligible for disability and low-income assistance programs that provide discounts of 25% on sewer charges and 50% on water charges. The District has failed to properly apply these discounts to Mr. Nelson's account, resulting in overcharges.

**B. The January 21, 2026 Water Shutoff and Medical Emergency**

14. On or about January 21, 2026, the District shut off water service to Mr. Nelson's residence without providing effective, accessible notice to Mr. Nelson.

15. The District failed to provide individualized, accessible notice of the impending shutoff despite the availability of simple alternatives such as knocking on the door and providing an opportunity for immediate cure or payment.

16. At the time the water was shut off, Mr. Nelson had a chemical substance on his body that began burning and causing escalating irritation. Mr. Nelson immediately attempted to wash off the chemical and discovered that his water service had been terminated.

17. Upon discovering that his water was not working during an active medical emergency, Mr. Nelson panicked. His Long COVID symptoms escalated, including risk of blackout, falls, and other dangerous physiological events.

18. With no running water available, Mr. Nelson was forced to use toilet water containing urine and feces in a desperate attempt to rinse the burning chemical off his body. This was degrading, humiliating, and physically harmful.

19. This experience caused Mr. Nelson severe physical pain from the chemical burns, additional physical harm from contact with contaminated water, severe emotional distress, humiliation, degradation, anxiety, exacerbation of his Long COVID symptoms, and ongoing psychological trauma.

20. Mr. Nelson's wife, Jessie Nelson, called the District and informed them of the medical emergency. She requested immediate restoration of water service under Washington State law provisions for medical emergencies.

21. District staff refused to restore water as a "medical emergency" stating, in substance, that it was "too much paperwork." Instead, the District proposed extending the payment due date by two weeks and restoring water immediately under standard policy.

22. Water service was eventually restored, but only after significant physical and emotional harm had already occurred to Mr. Nelson. The harm was complete and cannot be undone.

23. The District's actions on January 21, 2026, constitute abuse of a vulnerable adult under RCW 74.34 by willfully depriving Mr. Nelson of essential services necessary for his physical and mental health, causing physical harm and mental anguish.

**C. The Accommodation Request and District's Response**

24. On January 21, 2026, Mr. Nelson contacted the District to request an accommodation for his disability. Mr. Nelson asked to speak with the District's ADA Coordinator. The District informed Mr. Nelson that it did not have an ADA Coordinator, in violation of 28 C.F.R. § 35.107.

25. Mr. Nelson spoke with Curtis Chambers, the District's outside General Counsel, on January 21, 2026.

26. Mr. Nelson requested a specific, reasonable accommodation: a one-hour, in-person meeting at his residence with the District's ADA/Section 504 responsible official (or authorized designee) to assist Mr. Nelson in engaging with the District due to his cognitive disability and the demonstrated life-safety risks associated with the District's communications and shutoff practices.

27. The purpose of the requested accommodation meeting was to: (a) confirm billing status and cure options; (b) establish an accessible communication plan with plain-language written notices; (c) address disability and low-income assistance program eligibility, including the 25% sewer discount and 50% water discount;

COMPLAINT FOR VIOLATIONS OF:(1) AMERICANS WITH DISABILITIESACT, TITLE II (42 U.S.C. § 12131 ET SEQ.)(2) SECTION 504 OF THEREHABILITATION ACT (29 U.S.C. § 794)(3) WASHINGTON LAW AGAINSTDISCRIMINATION (RCW 49.60)(4) ABUSE OF VULNERABLE ADULT(RCW 74.34)JURY DEMAND - 4

(d) implement a "no shutoff without accessible notice and opportunity to cure" protocol for Mr. Nelson's account; and (e) confirm emergency restoration procedures when health and safety are implicated.

28. Mr. Chambers stated he would check on Mr. Nelson's request and get back to him by Thursday, January 22, 2026.

29. Mr. Nelson followed up his accommodation request in writing via email on January 21, 2026, confirming the request and the stated timeline.

30. On January 22, 2026, Mr. Brees called Mr. Nelson and stated that the District was still "analyzing" the request. No substantive response or accommodation determination was provided.

31. On January 23, 2026, Mr. Chambers responded by email, stating that the District "does not meet with customers in their personal residences" for "safety, security, and liability reasons." Mr. Chambers offered alternative accommodations of telephone calls, Microsoft Teams video conferences, in-person meetings at the District's office, or email communication.

32. The District's response relied on a categorical blanket policy rather than an individualized assessment of Mr. Nelson's disability-related needs.

33. The District's stated "security" concerns are pretextual and not based on any individualized assessment. Government agencies routinely conduct home visits. Public utilities routinely enter customers' homes for inspections, meter installations, repairs, and other purposes. Government inspectors, county employees, social workers, and other public officials routinely conduct home visits as part of their official duties. There is no greater danger to District employees from conducting a one-hour structured accommodation meeting with a cognitively disabled individual than exists for any other home visit.

34. Mr. Nelson offered to allow the District to bring multiple personnel, request Snohomish County Sheriff standby, and/or implement any other reasonable safety measures the District deemed appropriate. The District rejected these offers without explanation.

35. Mr. Nelson further proposed a modified outdoor meeting at his residence (in a tent in the driveway or on the backyard deck) that would not require District personnel to enter his home, thereby eliminating the

COMPLAINT FOR VIOLATIONS OF:(1) AMERICANS WITH DISABILITIESACT, TITLE II (42 U.S.C. § 12131 ET SEQ.)(2) SECTION 504 OF THEREHABILITATION ACT (29 U.S.C. § 794)(3) WASHINGTON LAW AGAINSTDISCRIMINATION (RCW 49.60)(4) ABUSE OF VULNERABLE ADULT(RCW 74.34)JURY DEMAND - 5

District's stated "no entry" concern while still providing the necessary on-site, sensory-safe accommodation. The District rejected this proposal.

36. The District rejected all proposals for on-site accommodation without conducting any individualized analysis of why such accommodation would be infeasible, create an undue burden, or fundamentally alter the District's operations.

**D. Failure to Provide Required Written Determination**

37. Despite repeated requests, the District has failed and refused to provide a written determination addressing Mr. Nelson's accommodation request on an individualized basis as required by Title II.

38. Title II of the ADA and its implementing regulations require public entities to evaluate accommodation requests through an individualized interactive process and, if denying a requested accommodation, to provide a specific written determination explaining: (a) the factual basis for the denial; (b) whether the entity claims infeasibility, undue burden, or fundamental alteration; (c) the concrete facts supporting that claim; and (d) the effective alternative accommodation being offered.

39. The District has not provided any such determination. Instead, the District has relied solely on a categorical policy statement that it "does not meet with customers in their personal residences."

40. Under Duvall v. County of Kitsap, 260 F.3d 1124 (9th Cir. 2001), public entities must investigate whether requested accommodations are reasonable, may not rely on mere speculation about infeasibility, must gather sufficient information, and must give primary consideration to the requested aid.

41. The District has failed to investigate, has relied on speculation, has not gathered sufficient information about Mr. Nelson's disability-related limitations, and has not given primary consideration to the requested accommodation.

**E. Disparate Treatment and Field Operations**

42. Upon information and belief, the District regularly dispatches personnel and vehicles into the field for District operations and customer-related needs.

43. Upon information and belief, District employees conduct field visits for shutoffs, meter readings, inspections, and other purposes.

COMPLAINT FOR VIOLATIONS OF:(1) AMERICANS WITH DISABILITIESACT, TITLE II (42 U.S.C. § 12131 ET SEQ.)(2) SECTION 504 OF THEREHABILITATION ACT (29 U.S.C. § 794)(3) WASHINGTON LAW AGAINSTDISCRIMINATION (RCW 49.60)(4) ABUSE OF VULNERABLE ADULT(RCW 74.34)JURY DEMAND - 6

44. Upon information and belief, the District provides on-site engagement when it benefits the District or certain favored customers, including commercial projects, contractors, and other circumstances the District deems important.

45. The District's refusal to provide a limited, one-hour, on-site accommodation meeting for a disabled residential customer, while conducting field operations for District benefit and other customers, constitutes disparate treatment of Mr. Nelson based on his disability.

**F.  Ongoing Harm, Imminent Threat, and Time-Sensitive Nature**

46. The District's two-week payment extension expires on or about February 2, 2026. Mr. Nelson faces imminent threat of another water shutoff.

47. The amount demanded by the District, $228.80, does not reflect the disability and low-income discounts (25% sewer, 50% water) to which Mr. Nelson is entitled. The correct amount owed is substantially less.

48. Without court intervention, Mr. Nelson faces imminent risk of another water shutoff, with the attendant risks to his health and safety demonstrated by the January 21, 2026 incident.

49. Another shutoff would cause irreparable harm to Mr. Nelson, including risk of serious physical injury, exacerbation of his disability symptoms, and severe emotional distress.

50. The District's insistence on medical documentation before providing any effective accommodation prolongs the demonstrated safety risk in a time-sensitive situation involving essential utility service.

51. Mr. Nelson is obtaining medical documentation from Dr. Bender, a world-renowned Long COVID expert and Mr. Nelson's treating physician. However, the District cannot use the pendency of medical documentation as a basis to delay providing an effective accommodation when a life-safety risk has been demonstrated and the need for accommodation is evident.

**G.  Damages Suffered**

52. As a direct and proximate result of Defendants' actions, Mr. Nelson has suffered and continues to suffer the following damages:

53. Physical pain and suffering from chemical burns caused by the inability to wash off the burning substance due to the water shutoff;

COMPLAINT FOR VIOLATIONS OF:(1) AMERICANS WITH DISABILITIESACT, TITLE II (42 U.S.C. § 12131 ET SEQ.)(2) SECTION 504 OF THEREHABILITATION ACT (29 U.S.C. § 794)(3) WASHINGTON LAW AGAINSTDISCRIMINATION (RCW 49.60)(4) ABUSE OF VULNERABLE ADULT(RCW 74.34)JURY DEMAND - 7

54. Physical harm and health risks from being forced to use toilet water containing urine and feces to attempt to rinse the chemical off his body;
55. Exacerbation of Long COVID symptoms including cognitive episodes, sensory overload, and increased risk of blackouts and falls;
56. Severe emotional distress, including anxiety, fear, humiliation, and degradation from being forced to use contaminated toilet water;
57. Ongoing anxiety and fear of future shutoffs and the associated health and safety risks;
58. Mental anguish from the District's refusal to provide reasonable accommodation and engage in good faith;
59. Loss of dignity and autonomy as a result of being treated as less deserving of accommodation than other customers;
60. Financial harm from being charged amounts that do not reflect applicable disability and low-income discounts;
61. The costs and burden of having to pursue legal action to vindicate his civil rights.

\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\

IV. **CLAIMS FOR RELIEF**

**FIRST CAUSE OF ACTION**

**Violation of Title II of the Americans with Disabilities Act 42 U.S.C. § 12131 et seq.**

**(Against All Defendants)**

62. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

63. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

64. The District is a "public entity" within the meaning of Title II. 42 U.S.C. § 12131(1).

65. Mr. Nelson is a "qualified individual with a disability" within the meaning of Title II. 42 U.S.C. § 12131(2).

66. The District's water and sewer services constitute "services, programs, or activities" of a public entity.

67. The District violated Title II by: (a) failing to make reasonable modifications to its policies, practices, and procedures when necessary to avoid discrimination against Mr. Nelson; (b) failing to provide effective communication to ensure that Mr. Nelson could meaningfully access and participate in District services; (c) shutting off essential water service to a cognitively disabled individual without providing accessible, effective notice; (d) refusing to restore water service as a medical emergency because it was "too much paperwork"; (e) failing to engage in a meaningful interactive process to evaluate Mr. Nelson's accommodation request; (f) relying on a categorical blanket policy rather than conducting an individualized assessment; (g) failing to provide a required written determination with specific factual basis for any denial of accommodation; (h) failing to designate an ADA Coordinator as required by 28 C.F.R. § 35.107; and (i) discriminating against Mr. Nelson by denying him access to on-site assistance while providing field services for other purposes and customers.

68. The District's violations were intentional or made with deliberate indifference to Mr. Nelson's federally protected rights.

69. As a direct and proximate result of the District's violations, Mr. Nelson has suffered and continues to suffer physical pain and suffering, emotional distress, humiliation, mental anguish, and ongoing denial of reasonable accommodation and effective communication, all as more fully described above.

## SECOND CAUSE OF ACTION

### Violation of Section 504 of the Rehabilitation Act of 197329 U.S.C. § 794

### (Against All Defendants)

70. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

71. Section 504 provides that "[n]o otherwise qualified individual with a disability ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

72. Upon information and belief, the District receives federal financial assistance, making it subject to Section 504.

73. Mr. Nelson is an "otherwise qualified individual with a disability" within the meaning of Section 504.

74. The District violated Section 504 through the same acts and omissions alleged in the First Cause of Action, which are incorporated herein.

75. The District's violations were intentional or made with deliberate indifference to Mr. Nelson's federally protected rights.

76. As a direct and proximate result of the District's violations, Mr. Nelson has suffered and continues to suffer physical pain and suffering, emotional distress, humiliation, mental anguish, and ongoing denial of reasonable accommodation and effective communication.

## THIRD CAUSE OF ACTION

### Violation of the Washington Law Against Discrimination RCW 49.60

### (Against All Defendants)

77. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

COMPLAINT FOR VIOLATIONS OF:(1) AMERICANS WITH DISABILITIESACT, TITLE II (42 U.S.C. § 12131 ET SEQ.)(2) SECTION 504 OF THEREHABILITATION ACT (29 U.S.C. § 794)(3) WASHINGTON LAW AGAINSTDISCRIMINATION (RCW 49.60)(4) ABUSE OF VULNERABLE ADULT(RCW 74.34)JURY DEMAND - 10

78. The Washington Law Against Discrimination ("WLAD") prohibits discrimination based on disability in places of public accommodation and in the provision of services. RCW 49.60.030, 49.60.215.

79. The District is a place of public accommodation and/or provides services to the public within the meaning of the WLAD.

80. Mr. Nelson has a disability within the meaning of the WLAD. RCW 49.60.040(7).

81. The District violated the WLAD by discriminating against Mr. Nelson based on his disability through the same acts and omissions alleged above, including failing to provide reasonable accommodations necessary to afford Mr. Nelson equal access to District services.

82. As a direct and proximate result of the District's violations, Mr. Nelson has suffered and continues to suffer physical pain and suffering, emotional distress, humiliation, mental anguish, and ongoing denial of equal access to essential utility services.

### FOURTH CAUSE OF ACTION

### Abuse of Vulnerable Adult RCW 74.34

### (Against All Defendants)

83. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

84. Mr. Nelson is a "vulnerable adult" within the meaning of RCW 74.34.020(22) because he has a functional, mental, or physical inability to care for himself due to his cognitive disability.

85. The District's conduct constitutes "abuse" of a vulnerable adult under RCW 74.34.020(2), including but not limited to willful action or inaction that inflicts injury, unreasonable confinement, intimidation, or punishment, and/or the willful deprivation by a person of goods or services that are necessary to meet essential needs or to avoid physical harm or mental anguish.

86. Specifically, the District: (a) willfully shut off essential water service to Mr. Nelson, a vulnerable adult, without effective notice; (b) refused to restore water as a medical emergency because it was "too much paperwork"; (c) caused Mr. Nelson to suffer physical harm (chemical burns, contact with contaminated water) and mental anguish (humiliation, degradation, fear, anxiety); (d) refused to provide reasonable

COMPLAINT FOR VIOLATIONS OF:(1) AMERICANS WITH DISABILITIESACT, TITLE II (42 U.S.C. § 12131 ET SEQ.)(2) SECTION 504 OF THEREHABILITATION ACT (29 U.S.C. § 794)(3) WASHINGTON LAW AGAINSTDISCRIMINATION (RCW 49.60)(4) ABUSE OF VULNERABLE ADULT(RCW 74.34)JURY DEMAND - 11

accommodation to enable Mr. Nelson to access essential utility services; and (e) threatened to shut off water again, causing ongoing fear and anxiety.

87. The District's conduct was willful, knowing, and/or reckless.

88. As a direct and proximate result of the District's abuse, Mr. Nelson has suffered and continues to suffer severe physical pain and suffering, emotional distress, humiliation, degradation, mental anguish, exacerbation of his disability symptoms, and fear of future harm.

89. Mr. Nelson is entitled to compensatory damages for all injuries, including pain and suffering, pursuant to RCW 74.34.200.

\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\

COMPLAINT FOR VIOLATIONS OF:(1) AMERICANS WITH DISABILITIESACT, TITLE II (42 U.S.C. § 12131 ET SEQ.)(2) SECTION 504 OF THEREHABILITATION ACT (29 U.S.C. § 794)(3) WASHINGTON LAW AGAINSTDISCRIMINATION (RCW 49.60)(4) ABUSE OF VULNERABLE ADULT(RCW 74.34)JURY DEMAND - 12

V. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff William J. Nelson respectfully requests that this Court enter judgment in his favor and against Defendants, and grant the following relief:

A. **Declaratory Relief: A declaration that Defendants violated Title II of the ADA, Section 504 of the** Rehabilitation Act, the Washington Law Against Discrimination, and the Abuse of Vulnerable Adults Act;

B. **Injunctive Relief: A permanent injunction requiring Defendants to:**

(1) Maintain water service to Mr. Nelson's residence without interruption pending compliance with the ADA;

(2) Provide the requested one-hour, on-site accommodation meeting at Mr. Nelson's residence (or modified outdoor location acceptable to both parties);

(3) Designate an ADA/Section 504 Coordinator as required by federal regulations;

(4) Implement accessible communication protocols for Mr. Nelson's account, including plain-language written notices and a designated point of contact;

(5) Implement a "no shutoff without accessible notice and opportunity to cure" protocol for Mr. Nelson's account;

(6) Apply the disability and low-income discounts (25% sewer, 50% water) to Mr. Nelson's account and credit all prior overcharges;

(7) Adopt and implement policies and training to ensure compliance with the ADA and Section 504;

(8) Enjoin further discrimination against Mr. Nelson based on his disability;

C. **Compensatory Damages: Compensatory damages for all injuries sustained by Mr. Nelson, including but not** limited to:

(1) Physical pain and suffering from chemical burns and contact with contaminated water;

(2) Emotional distress, humiliation, degradation, and mental anguish;

(3) Exacerbation of disability symptoms;

(4) Ongoing anxiety and fear;

(5) Loss of dignity;

all in an amount to be proven at trial;

COMPLAINT FOR VIOLATIONS OF:(1) AMERICANS WITH DISABILITIESACT, TITLE II (42 U.S.C. § 12131 ET SEQ.)(2) SECTION 504 OF THEREHABILITATION ACT (29 U.S.C. § 794)(3) WASHINGTON LAW AGAINSTDISCRIMINATION (RCW 49.60)(4) ABUSE OF VULNERABLE ADULT(RCW 74.34)JURY DEMAND - 13

D. Damages for Abuse of Vulnerable Adult: Compensatory damages pursuant to RCW 74.34.200 for abuse of a vulnerable adult, including all physical and emotional injuries, pain and suffering, and mental anguish;

E. Costs and Fees: Reasonable attorney's fees (should Plaintiff obtain counsel) and costs of suit pursuant to 42 U.S.C. § 12205, 29 U.S.C. § 794a, RCW 49.60.030, and RCW 74.34.200;

F. Such other and further relief as the Court deems just and proper.

## VI. JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable, including but not limited to all claims for compensatory damages, pain and suffering, and emotional distress.

DATED this 28 day of January, 2026.

Respectfully submitted,

_____
**William Nelson, Pro Se**
1523 132ND ST SE. STE C418
Everett, Wa 98208
(425) 645-9222 (desk)
(425) 800-8800 (mobile)
(808) 204-1401 (fax)
william@seattleseahawks.me (email)

COMPLAINT FOR VIOLATIONS OF:(1) AMERICANS WITH DISABILITIESACT, TITLE II (42 U.S.C. § 12131 ET SEQ.)(2) SECTION 504 OF THEREHABILITATION ACT (29 U.S.C. § 794)(3) WASHINGTON LAW AGAINSTDISCRIMINATION (RCW 49.60)(4) ABUSE OF VULNERABLE ADULT(RCW 74.34)JURY DEMAND - 14