William Nelson
1523 132ND ST SE STE. C418
Everett, Washington 98208
425-645-9222 | 808-204-1401
william@seattleseahawks.me

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **WILLIAM NELSON,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**SILVERLAKE WATER DISTRICT ET AL.**<br><br>**Defendants.** | Case No.: 2:26-cv-00337-KKE<br><br>**EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>**IMMEDIATE RELIEF REQUESTED**<br><br>**Noted for Hearing:**<br>**AT COURT'S EARLIEST CONVENIENCE** |

**PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

### I.    INTRODUCTION AND RELIEF REQUESTED

Plaintiff William J. Nelson, a cognitively disabled individual with Long COVID, respectfully moves this Court on an emergency basis for a Temporary Restraining Order ("TRO") and Preliminary Injunction to prevent Defendants Silver Lake Water and Sewer District (the "District") and Curt Brees from shutting off Plaintiff's water service while this action is pending.

This motion is made on an emergency basis because the District's two-week payment extension expires on or about February 2, 2026, and the District has threatened to shut off Plaintiff's water if payment is not made by that date. Given the District's demonstrated willingness to shut off water without effective notice—as it did on January 21, 2026, causing Plaintiff serious physical and emotional harm—immediate relief is necessary to prevent irreparable injury.

Plaintiff requests that the Court issue a TRO and Preliminary Injunction:

    (1) Prohibiting Defendants from terminating or interrupting water service to Plaintiff's residence pending resolution of this action or further order of the Court;

    (2) Requiring Defendants to engage in the ADA-mandated interactive process and provide the requested on-site accommodation meeting within 14 days;

    (3) Requiring Defendants to apply the disability and low-income discounts (25% sewer, 50% water) to Plaintiff's account and recalculate the amount owed;

    (4) Requiring Defendants to designate an ADA/Section 504 Coordinator.

## II.  FACTUAL BACKGROUND

The facts are set forth in detail in the Complaint and the Declaration of William J. Nelson filed herewith. In summary:

Plaintiff suffers from Long COVID, a recognized disability that causes cognitive impairment, executive function deficits, sensory processing difficulties, and risk of blackouts and falls. Plaintiff is a vulnerable adult under Washington law.

On January 21, 2026, the District shut off water service to Plaintiff's residence without providing effective, accessible notice. At the time of the shutoff, Plaintiff had a chemical substance on his body that was burning him. Unable to access running water, Plaintiff panicked and was forced to use toilet water containing urine and feces to attempt to rinse the chemical off his body. This caused severe physical pain, humiliation, and emotional trauma.

When Plaintiff's wife called to request emergency restoration of water, District staff refused, stating it was "too much paperwork."

Plaintiff requested a reasonable accommodation: a one-hour, in-person meeting at his residence to assist him in engaging with the District due to his cognitive disability. The District categorically refused, citing a blanket policy that it "does not meet with customers in their personal residences." The District has not provided an individualized determination or engaged in the required interactive process.

The District informed Plaintiff that it does not have an ADA Coordinator, in violation of federal regulations.

EMERGENCY MOTION FORTEMPORARY RESTRAINING ORDERAND PRELIMINARY INJUNCTIONIMMEDIATE RELIEF REQUESTEDNOTED FOR HEARING:AT COURT'S EARLIEST CONVENIENCE - 2

Plaintiff is eligible for disability and low-income discounts (25% sewer, 50% water), but the District has failed to apply these discounts. The amount the District claims is owed ($228.80) is inflated because it does not reflect these discounts.

The District's two-week payment extension expires on or about February 2, 2026. Without immediate relief from this Court, Plaintiff faces imminent shutoff of essential water service, with the attendant risks to his health and safety.

### III. LEGAL STANDARD

A party seeking a TRO or preliminary injunction must establish: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

The Ninth Circuit applies a "sliding scale" approach, under which a stronger showing on one element may offset a weaker showing on another. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011). A preliminary injunction is appropriate when there are "serious questions going to the merits" and "the balance of hardships tips sharply in the plaintiff's favor." Id. at 1134-35.

### IV. ARGUMENT

**A. Plaintiff Is Likely to Succeed on the Merits**

Plaintiff's ADA Title II and Section 504 claims are strong. The District is a public entity providing essential services. Plaintiff is a qualified individual with a disability. The District has:

- Relied on a categorical blanket policy ("we don't do home visits") rather than conducting an individualized assessment;
- Failed to engage in the required interactive process;
- Failed to provide a written determination with factual basis as required by Title II;
- Failed to designate an ADA Coordinator as required by 28 C.F.R. § 35.107;
- Shut off water to a disabled individual without accessible notice, causing physical harm.

Under Duvall v. County of Kitsap, 260 F.3d 1124 (9th Cir. 2001), public entities must investigate whether requested accommodations are reasonable, may not rely on speculation, and must give primary consideration to the requested aid. The District has done none of this.

### B. Plaintiff Will Suffer Irreparable Harm Without Relief

The January 21, 2026 incident demonstrates the irreparable harm Plaintiff faces. When the District shut off water without notice, Plaintiff suffered chemical burns, was forced to use contaminated toilet water, experienced severe emotional distress, and had exacerbation of his Long COVID symptoms. Another shutoff would cause similar or worse harm.

Water is an essential utility. Termination of water service to a cognitively disabled individual poses immediate risks to health and safety that cannot be remedied by monetary damages. The threat of shutoff itself causes ongoing anxiety and emotional distress.

Courts routinely find irreparable harm where utilities threaten to terminate essential services. See, e.g., Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1, 18 (1978) (recognizing that utility termination implicates interests "of great importance").

### C. The Balance of Equities Tips Sharply in Plaintiff's Favor

On one side: Plaintiff, a cognitively disabled vulnerable adult, faces the prospect of losing essential water service, with demonstrated risks to his health and safety.

On the other side: The District faces only a brief delay in collecting approximately $228.80 (an amount that is inflated because it does not reflect applicable discounts). The District will not be harmed by continuing to provide water service to a paying customer while the Court determines whether the District is complying with federal disability rights law.

The balance tips sharply in Plaintiff's favor.

### D. An Injunction Serves the Public Interest

The public has a strong interest in the enforcement of civil rights laws, including the ADA and Section 504. "[I]t is always in the public interest to prevent the violation of a party's constitutional rights." Melendres v. Arpaio, 695 F.3d 990, 1002 (9th Cir. 2012).

EMERGENCY MOTION FORTEMPORARY RESTRAINING ORDERAND PRELIMINARY INJUNCTIONIMMEDIATE RELIEF REQUESTEDNOTED FOR HEARING:AT COURT'S EARLIEST CONVENIENCE - 4

The public also has an interest in ensuring that public utilities provide essential services in a manner that does not discriminate against individuals with disabilities. An injunction requiring the District to comply with the ADA serves this interest.

## V. NO BOND OR NOMINAL BOND SHOULD BE REQUIRED

Plaintiff requests that no bond or only a nominal bond be required. Plaintiff is proceeding in forma pauperis due to his disability and limited income. The District will suffer minimal, if any, harm from maintaining water service to a customer, and any harm can be adequately addressed through the normal billing process.

## VI. EX PARTE RELIEF IS WARRANTED

Under Fed. R. Civ. P. 65(b), a court may issue a TRO without notice to the adverse party if the movant's attorney certifies in writing any efforts made to give notice and the reasons why notice should not be required. Here, Plaintiff has communicated extensively with the District's counsel, Curtis Chambers, who is aware of this dispute and the threatened shutoff. However, given the imminent deadline (February 2, 2026) and the District's demonstrated willingness to shut off water without notice or accommodation, ex parte relief is warranted to preserve the status quo until a hearing can be held.

## VII. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court issue a Temporary Restraining Order and Preliminary Injunction:

(1) Prohibiting Defendants from terminating or interrupting water service to Plaintiff's residence;

(2) Requiring Defendants to engage in the interactive process and provide the requested accommodation meeting within 14 days;

(3) Requiring Defendants to apply the disability/low-income discounts and recalculate the amount owed;

(4) Requiring Defendants to designate an ADA/Section 504 Coordinator.

\\
\\
\\
\\
\\


1  DATED this 28 day of January, 2026.

2  Respectfully submitted,

3

4  _[signature]_

   _____

5  **William Nelson, Pro Se**
   1523 132ND ST SE. STE C418
6  Everett, Wa 98208
   (425) 645-9222 (desk)
7  (425) 800-8800 (mobile)
   (808) 204-1401 (fax)
8  william@seattleseahawks.me (email)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  EMERGENCY MOTION FORTEMPORARY RESTRAINING ORDERAND PRELIMINARY INJUNCTIONIMMEDIATE RELIEF REQUESTEDNOTED FOR HEARING:AT COURT'S EARLIEST CONVENIENCE - 6