UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM NELSON,<br><br>                  Plaintiff(s),<br>  v.<br><br>SILVER LAKE WATER AND SEWER DISTRICT, et al.,<br><br>                  Defendant(s). | CASE NO. C26-0337-KKE<br><br>ORDER DIRECTING SERVICE BY THE U.S. MARSHAL SERVICE |

      Plaintiff William Nelson proceeds pro se and in forma pauperis. *See* Dkt No. 6. The Court previously denied his motion for an *ex parte* Temporary Restraining Order ("TRO"), finding he failed to comply with Federal Rule of Civil Procedure 65(b). The Court ordered Nelson to serve the motion on Defendants immediately. Dkt. No. 9. Now before the Court is Nelson's request for an order directing "immediate service" by the United States Marshals Service pursuant to Federal Rule of Civil Procedure 4(c)(3). Dkt. No. 10. In his request, Plaintiff states he "has served the TRO motion documents via email to Defendants' counsel of record, Curtis W. Chambers at Inslee Best" (Dkt. No. 10 at 2), but needs assistance personally serving the summons and complaint.

      Upon an IFP plaintiff's request, Federal Rule of Civil Procedure 4(c)(3) requires the Court to "order that service [of summons and the complaint] be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3); *see also*

28 U.S.C. § 1915(d) (when an IFP plaintiff so requests, "the officers of the court shall issue and serve all process").

As such, the Court GRANTS Plaintiff's request (Dkt. No. 10) and ORDERS as follows:

(1) The Clerk shall provide a copy of this order, the complaint (Dkt. No. 7), Plaintiff's motion for a TRO (Dkt. No. 2), Plaintiff's request for service (Dkt. No. 10), and the summonses for each Defendant (Dkt. No. 8) to the United States Marshal or Deputy Marshal;

(2) As soon as is practicable, the United States Marshal or Deputy Marshal shall serve Defendants with the summons and complaint and shall file proof of service once completed.

Finally, recognizing that Plaintiff has indicated he gave electronic notice of his motion to a lawyer he believes to represent Defendants, (Dkt. No. 10 at 2), no attorney has appeared for Defendants and the record contains no evidence that Mr. Chambers in fact represents Defendants generally, or would do so in connection with this matter. As such, out of an abundance of caution and to effectuate the purpose of Local Rule 65, to the extent Plaintiff is able to provide electronic notice to Defendants themselves of his TRO motion, he is ORDERED to do so immediately and file proof of notice once completed.

Dated this 30th day of January, 2026.

*Kymberly K Evanson*
———————————————
Kymberly K. Evanson
United States District Judge