HONORABLE JUDGE KYMBERLY K. EVANSON

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM J. NELSON,<br><br>               Plaintiff,<br>vs.<br><br>SILVER LAKE WATER AND SEWER DISTRICT, et al.,<br><br>               Defendants. | NO. **2:26-cv-00337-KKE**<br><br>SILVER LAKE WATER AND SEWER DISTRICT'S OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION |

**I. INTRODUCTION**

Silver Lake Water & Sewer District (District) opposes Plaintiff William Nelson' (Plaintiff) Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Motion).  The District is a Washington municipal special purpose district which provides water and sewer service to customers within its service area. Plaintiff and his wife, who are both listed on the account for the residence they own at 12432 40th Avenue SE, Everett, WA 98208, have been customers of the District since 2015 and have been able to pay their utility bill like everyone else. In fact, they have paid the past due bill that caused the District to turn their water off, and as such currently have no past due amounts. As a public agency, the District does not have profit, meaning that if Plaintiff does not pay his bill, his neighbors will

DEFENDANT'S OPP. TO TRO - Page 1
CASE NO. 2:26-CV-00337-KKE

INSLEE BEST
Skyline Tower
Suite 1500
10900 NE 4th Street
Bellevue, WA 98004
425.455.1234 | www.insleebest.com

11186185.1 - 359329 - 0241

1  bear that cost. There is no right to free utilities. If Plaintiff fails to pay his bill and the bill is

2  delinquent for 30 days, he should be subject to the same repercussions as everyone else, which

3  is having their water shut off until the pay their bill.

4        The District has a low income/disability program. To date, Plaintiff and his wife have

5  not applied for it, despite the District sending Plaintiff the application and information for the

6  program. If Plaintiff and his wife apply for the program, the District will review the

7  application. If they qualify, the District will enter them into the program and apply the

8  program discount prospectively.

9        Since the District first learned of Plaintiff's claimed disability on January 21, 2026, it

10  has engaged in the interactive accommodation process in good faith and continues to do so.

11  Ordering the District to attend an in person meeting at Plaintiff's residence as an

12  accommodation would be premature, as the parties are still engaged in the interactive process.

13  The District believes it has provided Plaintiff with several reasonable accommodations to

14  communicate, including in person at the District, by phone, video conference, and email. After

15  Plaintiff suggested he also wanted his wife/caregiver present at a meeting, the District offered

16  to have them present in person at the District or include them on any phone call, video

17  conference, or email communication. The District will continue to engage in the interactive

18  process with Plaintiff as new information is received and evaluated. The District employs

19  fewer than 50 people and thus is not subject to 28 CFR 35.107's requirement to designate an

20  ADA coordinator. That said, the District made clear to Plaintiff that District Manager Curt

   Brees should be his contact.

DEFENDANT'S OPP. TO TRO - Page 2
CASE NO. 2:26-CV-00337-KKE

INSLEE BEST
Skyline Tower
Suite 1500
10900 NE 4th Street
Bellevue, WA 98004
425.455.1234 | www.insleebest.com

11186185.1 - 359329 - 0241

## II. FACTS[1]

The District is public agency run by a Board of three elected Commissioners and employs fewer than 50 people. Its statutory mandate is to provide water and sewer services to customers within its service area. Plaintiff and his wife are listed as the owners of a residence located at 12432 40th Ave SE, Everett, WA 98208 (Residence), which is within the District's service area. Brees Dec., Ex A. Plaintiff and his wife are also listed as the account holders for water and sewer service for the Residence with the District.

On January 21, 2026, after following its notice policy, the District shut off water to the Residence because Plaintiff and his wife failed to pay their bill. Before the District shut off water to the Residence, it (1) sent the original bill to the two email addresses Plaintiff and his wife self-selected to receive the bill; (2) send reminders to pay the bill to both emails and mailed it to the Residence; (3) sent shutoff notices to both emails and mailed it to the Residence; and (4) sent three text messages to the phone number self-registered with the District providing them with notice to timely pay their bill. Brees Dec. Ex B.

Plaintiff and his wife have been account holders with the District since 2015. While their payment history has not been perfect, they have generally paid their utility bill and have communicated with the District about their bill. Brees De. Ex. C. Since 2021, Plaintiff and his wife have used the District's online portal to pay their bill and have used that portal successfully.

---

[1] The statements in this Facts section are supported by the Declaration of Curt Brees in Support of Silver Lake Water & Sewer District's Opposition to Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction.

DEFENDANT'S OPP. TO TRO - Page 3
CASE NO. 2:26-CV-00337-KKE

11186185.1 - 359329 - 0241

INSLEE BEST
Skyline Tower
Suite 1500
10900 NE 4th Street
Bellevue, WA 98004
425.455.1234 | www.insleebest.com

On January 21, 2026, after the District turned water off to the Residence, Plaintiff called the District. Following its standard shutoff policy, the District turned the water back on that day and extended the time to pay the past due bill to February 2, 2026. The past due bill was paid in full on February 2, 2026, and there is currently no past due bill owning. Plaintiff's next bill will be issued at the end of March for February/March consumption and will be due April 15, 2026. That bill will not be delinquent and subject to service disconnection until May 15, 2026, with an approximate shut off date of May 27, 2026, or shortly thereafter.

The District first learned of Plaintiff's claimed disability on January 21, 2026. On January 21, 2026, District Manager Curt Brees spoke with Plaintiff on the phone, and informed him that while the District does not have a designated ADA coordinator, Plaintiff should communicate with Mr. Brees regarding his claimed disability and to engage in the interactive process for a reasonable accommodation. Plaintiff has chosen, however, to interact with District attorney Curtis Chambers. The District has engaged in the interactive process to determine a reasonable accommodation for Plaintiff's claimed disability. Chambers Dec., Ex A. That process is continuing.

The District has a rate discount program for seniors or disabled persons who have a household income that does not exceed $75,000 per year. Brees Dec., Ex. D. Through its attorney, the District provided information about the program, including the Brees Dec. Ex. D documents and a link to its website, Customer Assistance Programs | Silver Lake Water And Sewer District | Bothell, to Plaintiff on January 30, 2026. To date, Plaintiff has not applied for the program. If Plaintiff applies for the program, the District will evaluate his eligibility and if he is eligible, will enter him into the program and apply the program's discount prospectively.

DEFENDANT'S OPP. TO TRO - Page 4
CASE NO. 2:26-CV-00337-KKE

INSLEE BEST
Skyline Tower
Suite 1500
10900 NE 4th Street
Bellevue, WA 98004
425.455.1234 | www.insleebest.com

11186185.1 - 359329 - 0241

## III. ARGUMENT

**A. Preliminary Injunction Standard.**

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 55 U.S. 7, 20, 129 S.Ct. 365 (2008).

**B. Plaintiff is unlikely to succeed on the merits, and it is premature to order the District to attend an in person meeting at Plaintiff's residence as the only accommodation**.

Since the District learned about Plaintiff's claimed disability, it has engaged in the interactive process in good faith to determine a reasonable accommodation for Plaintiff. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1136 (9th Cir. 2001) ("'the Acts create a duty to gather sufficient information from the disabled individual and qualified experts as needed to determine what accommodations are necessary.'")

The District has offered to communicate with Plaintiff in person at the District's office, by phone, by video conference, and by email, and include Plaintiff's wife/caregiver in any communication. Plaintiff continues to state that only an in person meeting at his residence will suffice, but has never given any explanation for why the District's proposed accommodations will not work. On February 4, 2026, the District received a three sentence letter from Plaintiff's medial provider with no explanation for why the District's proposed accommodations will not suffice and no information for why the District's proposed accommodations will not suffice. The District will continue with the interactive process to attempt to provide a reasonable accommodation and determine why Plaintiff's demanded

DEFENDANT'S OPP. TO TRO - Page 5
CASE NO. 2:26-CV-00337-KKE

INSLEE BEST
Skyline Tower
Suite 1500
10900 NE 4th Street
Bellevue, WA 98004
425.455.1234 | www.insleebest.com

11186185.1 - 359329 - 0241

accommodation is necessary. At this early stage, it would be premature to rule that the District violated its duties under the ADA and order it to provide an in person meeting at Plaintiff's residence.

### C. Plaintiff will suffer no irreparable harm in the absence of a TRO.

Plaintiff does not have an outstanding bill with the District and will not have service shut off for failure to pay his bill unless he fails to pay his next bill by May 15, 2026 (with an approximate shut off date of May 27, 2026, or shortly thereafter). Plaintiff and his wife have shown they are able to pay their bill for over 10 years and have shown they can communicate with the District about their bill.

### D. The balance of equities do not tip in Plaintiff's favor.

The District is a public agency that is required to enforce the collection of rates and charges. RCW 57.08.081(3). The District is also authorized by statute to shut off services after charges are delinquent for 30 days. RCW 57.08.081(5). The charges are not only against the property owners (Plaintiff and his wife) but are also charges against property. RCW 57.08.081(3). Furthermore, the District has an obligation to collect charges. *Housing Authority of King County v. Northeast Lake Washington Sewer and Water District*, 56 Wn. App. 589, 784 P.2d 1284 (1990) (District's must collect charges from customers, as not doing so would be rate discrimination in violation of public policy.); WA Constitution Article VIII, Section 7 (local governments cannot gift public funds). If Plaintiff does not pay his utility bill, then the rest of the District's customers must pay his bill for him. This is not only not fair, but as stated by Washington courts and Constitution, it is a violation of the law.

### E. An injunction is not in the public interest.

DEFENDANT'S OPP. TO TRO - Page 6
CASE NO. 2:26-CV-00337-KKE

INSLEE BEST
Skyline Tower
Suite 1500
10900 NE 4th Street
Bellevue, WA 98004
425.455.1234 | www.insleebest.com

11186185.1 - 359329 - 0241

The District has a customer assistance program that its customers can apply to for lowered water and sewer bills if they qualify. One way a customer can qualify is by showing they are receiving disability benefits from a number of different identified agencies and showing that their household income does not exceed $75,000 per year. The District has provided Plaintiff with this information. Further, Plaintiff's proposed order shows he is aware of it, as his request for relief in this matter asks the court to rule he is entitled to the reduction.[2] Plaintiff has shown he is capable of completing complicated tasks, including successfully applying to this court to proceed in forma pauperis. Dkt. 1. Furthermore, Plaintiff has shown he is capable of filing and prosecuting multiple cases in state and federal court. There is no reason he should not be able to complete the customer assistance program application and provide documentation to support his application.

### F. The District is not required to designate an ADA/Section 504 Coordinator pursuant to 28 C.F.R. Sec. 35.107.

The court should not require the District to designate an ADA/Section 504 Coordinator pursuant to 28 C.F.R. 35.107, as it only applies to "[a] public entity that employs 50 or more persons..." The District employs fewer than 50 people, and as such is not subject to 28 C.F.R. 35.107. The District has informed Plaintiff that he can engage in the interactive process with the District General Manager and the District has been engaging in the interactive process with Plaintiff since it became aware of his claimed disability on January 21, 2026. The District will continue to engage in the interactive process in good faith.

### G. Penalties and interest should apply if the court grants the TRO.

---

[2] While Plaintiff requests a reduction of 25% on sewer and 50% on water, the actual program states "utility rates are typically discounted 50% for water (base rate only) and 25% for sewer -- Customer Assistance Programs | Silver Lake Water And Sewer District | Bothell.

DEFENDANT'S OPP. TO TRO - Page 7
CASE NO. 2:26-CV-00337-KKE

INSLEE BEST
Skyline Tower
Suite 1500
10900 NE 4th Street
Bellevue, WA 98004
425.455.1234 | www.insleebest.com

11186185.1 - 359329 - 0241

If the court does order the District to not shut off services to the Residence while this litigation moves forward, the court should also order that all late fees, penalties, and interest that generally apply to District customers apply to Plaintiff.

## IV. CONCLUSION

In Plaintiff's TRO, he is asking this court to rule in Plaintiff's favor that he is entitled to the accommodation he demands without going through the interactive process, to order the District to provide him with reduced utility bills without applying for the District's customer assistance program, and require the District comply with a C.F.R. that does not apply to the District. He is also asking the court to prohibit the District from collecting charges for services provided, which is a violation of state law. For the foregoing reasons, the District requests the court deny Plaintiff's TRO in its entirety.

DATED this 5th day of February 2026.

INSLEE, BEST, DOEZIE & RYDER, P.S.

By /s/ Curtis J. Chambers
Curtis J. Chambers, WSBA # 42984
10900 NE 4th Street, Suite 1500
Bellevue, WA 98004
Phone: (425) 455-1234
Fax:  (425) 635-7720
Email: Cchambers@insleebest.com

Attorney for Defendants

DEFENDANT'S OPP. TO TRO - Page 8
CASE NO. 2:26-CV-00337-KKE

11186185.1 - 359329 - 0241

INSLEE BEST
Skyline Tower
Suite 1500
10900 NE 4th Street
Bellevue, WA 98004
425.455.1234 | www.insleebest.com

**CERTIFICATE OF FILING & SERVICE**

I, Lien Le, hereby certify under penalty of perjury under the laws of the United States of America that on February 5th, 2026, I caused to be electronically filed the foregoing Silver Lake Water and Sewer District's Opposition to Plaintiff's Emergency Motino for Temporary Restraining Order and Preliminary Injunction, and this Certificate of ECF Filing & Service, with the Clerk of the Court using the CM/ECF system, and served pro se plaintiff, via U.S. Mail and email as follows:

***Plaintiff Pro Se:***

William Nelson
1523 132nd St SE. Ste C418
Everett, WA 98208
Email: william@seattleseahawks.me

DATED this 5th day of February 2026, at Bellevue, WA.

/s/  Lien Le
Lien Le, Legal Assistant

DEFENDANT'S OPP. TO TRO - Page 9
CASE NO. 2:26-CV-00337-KKE

INSLEE BEST
Skyline Tower
Suite 1500
10900 NE 4th Street
Bellevue, WA 98004
425.455.1234 | www.insleebest.com

11186185.1 - 359329 - 0241