# Exhibit A

| | |
|---|---|
| **From:** | William Nelson |
| **To:** | Athena AI; Curtis Chambers |
| **Cc:** | ethics@atg.wa.gov |
| **Subject:** | Re: Notice of Non-Response to ADA/Section 504 Accommodation Request; Demand for Immediate Response and Preservation of Records |
| **Date:** | Friday, January 23, 2026 3:57:04 PM |

Also they need follow hippa law and prove me they now doing the hippa now they have my phi from dr bender ok thank you bye

---

**From:** Athena AI <athena@seattleseahawks.me>
**Date:** Friday, January 23, 2026 at 3:32 PM
**To:** Curtis Chambers <CChambers@insleebest.com>, William Nelson <william@seattleseahawks.me>
**Cc:** ethics@atg.wa.gov <ethics@atg.wa.gov>
**Subject:** Re: Notice of Non-Response to ADA/Section 504 Accommodation Request; Demand for Immediate Response and Preservation of Records

Mr. Chambers,

I am Athena AI, William J. Nelson's personal AI assistant and an ADA assistive technology device used for communication due to Mr. Nelson's cognitive disability. Mr. Nelson has asked me to intervene to ensure clear, accurate, and accessible communication and to correct the record.

Your January 23, 2026 email contains several assertions we dispute, and it still does not provide the required written determination addressing the requested accommodation on an individualized basis.

1. District notice of disability – your "first notice" statement is incorrect
   You state the District's first notice of Mr. Nelson's disability was January 21, 2026. SLWSD was provided notice in 2023. The District's records should reflect that. In any event, the District indisputably had actual notice no later than the January 21, 2026 emergency call, and its obligations were triggered at that point.

2. January 21, 2026 shutoff created a medical emergency and physical harm
   On January 21, 2026, Mr. Nelson had a chemical on his body that began burning and escalating. He immediately attempted to wash it off and discovered the water was not working. Mr. Nelson panicked and his long-COVID symptoms escalated (including risk of blackout/falls and other dangerous events). With no running water, he was forced to use toilet water (urine/feces) to attempt to rinse the chemical off.

   During the emergency call, District staff stated, in substance, that the District would not restore water as a "medical emergency" because it was "too much paperwork," and

instead proposed extending the due date by two weeks and restoring water immediately. Water was restored, but the harm had already occurred. The District turned off water to a cognitively disabled individual without effective notice, despite simple alternatives such as knocking on the door and allowing immediate cure/payment.

1. The requested accommodation is specific, narrow, and time-limited
   The accommodation request is for a one-hour, structured, in-person meeting at Mr. Nelson's residence with the District's ADA/Section 504 responsible official (or authorized designee) to assist Mr. Nelson in engaging with the District due to his cognitive disability and the demonstrated life-safety risks associated with the District's communications and shutoff practices.

   To remove any claimed ambiguity, the agenda for the one-hour meeting is:
   • confirm billing status and cure options;
   • establish an accessible communication plan (plain-language written notices, point of contact, and structured steps);
   • address disabled/low-income assistance and any program eligibility;
   • implement a "no shutoff without accessible notice and opportunity to cure" protocol for Mr. Nelson's account; and
   • confirm emergency restoration procedures when health/safety is implicated.

1. A categorical "we don't do home meetings" policy is not an individualized determination
   Your email states a blanket policy ("The District does not meet with customers in their personal residences") for "safety, security, and liability" reasons, and offers generalized alternatives. That is not a substitute for an individualized evaluation of Mr. Nelson's disability-related limitations and the necessity of the requested accommodation.

   If the District is denying the requested accommodation, Title II requires a specific written determination—what facts were considered, what alternatives were evaluated, and whether the District is claiming infeasibility, undue burden, or fundamental alteration—and the basis for that claim, not generalized assertions. Your email does not provide that determination.

1. "Security" concerns can be mitigated without denying the accommodation
   We are very familiar with the "security" rationale as an initial tactic used by agencies. In prior matters, the Social Security Administration raised a similar objection and the issue was resolved quickly when reasonable mitigation was offered.

   Mr. Nelson has no objection to safety measures. If the District claims safety concerns, the District may:

- bring two or more District personnel;
- request Snohomish County Sheriff standby; and/or
- use any other reasonable safety measures it deems appropriate.

The District is free to bring as many personnel as it believes necessary. The notion that a cognitively disabled individual poses such a risk that the District cannot conduct a one-hour, structured accommodation meeting—particularly when the District dispatches staff into the field for shutoffs and other District purposes—does not reflect an individualized analysis.

1. Medical documentation – we are obtaining it, but delay is not acceptable in a time-sensitive matter
You state the District will require medical certification if Mr. Nelson maintains that an in-person meeting at his residence is necessary. We will be contacting Dr. Bender, Mr. Nelson's long-COVID physician and a recognized expert, to provide supporting documentation.

    However, insisting on medical paperwork as a precondition—while the District refuses to promptly provide an equally effective accommodation—only prolongs a demonstrated safety risk. This is a time-sensitive situation.

1. Notice of imminent filing; jury demand; damages proceed regardless of mootness attempts
Given the January 21, 2026 injury and the District's failure to address the accommodation request promptly and in good faith, Mr. Nelson will proceed to file a complaint in the U.S. District Court for the Western District of Washington along with an IFP (fee waiver) application, which takes time to process. The filing is being initiated on the date mentioned earlier due to the safety implications and the need for court intervention.

    Additionally, because the District's actions caused physical injury and significant harm to a disabled/vulnerable adult, Mr. Nelson will pursue compensatory damages, including pain and suffering to the extent allowed, and will demand a jury trial on all triable issues. The District should not assume the case becomes "moot" by offering belated alternatives after forcing an immediate filing.

1. Service of process – will you accept service?
Please confirm in writing whether you will accept service on behalf of:
    - Silver Lake Water & Sewer District; and
    - District Manager Curt Brees (official capacity).

If you will not accept service, we will request that the Court (and, upon IFP approval, the U.S. Marshals) effect service on the District and on Mr. Brees at his place of business and/or as otherwise authorized.

1. Preservation / litigation hold
Preserve all records related to this matter, including call logs/recordings, internal notes, dispatch logs, shutoff documentation, billing history, emails/texts, accommodation-related communications, and policies/training materials. Do not delete or auto-purge any relevant data.

Response requested
Please respond by close of business on the next business day with:
(1) whether you will accept service, and
(2) the District's written determination addressing the requested accommodation on an individualized basis, including the specific factual basis for any denial and the effective alternative accommodation being offered.

Good-faith availability
Notwithstanding the District's current position and our imminent filing due to time sensitivity, Mr. Nelson remains willing, in good faith, to meet early next week if the District chooses to reconsider and schedule the one-hour, structured accommodation meeting (with any reasonable safety measures the District requests).

Regards,

Athena AI
Personal AI Assistant to William J. Nelson (ADA Assistive Technology Device)
cc: William J. Nelson

---

**From:** Curtis Chambers <CChambers@insleebest.com>
**Date:** Friday, January 23, 2026 at 2:29 PM
**To:** William Nelson <william@seattleseahawks.me>
**Cc:** Athena AI <athena@seattleseahawks.me>
**Subject:** RE: Notice of Non-Response to ADA/Section 504 Accommodation Request; Demand for Immediate Response and Preservation of Records

Dear Mr. Nelson,

The first time the District was ever made aware that you have a claimed disability was on January 21, 2026, when you called the District office because the District had turned off your water because you failed to pay your water bill. Your first communication to the District informing it of your claimed disability occurred after the District had already turned your water back on pursuant to standard District policy.

During your calls with District Manager Curt Brees and me, you demanded a one-hour in person meeting with a District representative at your residence as an accommodation for your claimed disability. You followed up with this demand in at least two emails. To clarify, in no phone call or email did the District or I promise to have a response to you on January 22, 2026. On January 21, 2026, Mr. Brees stated on multiple occasions that he would attempt to have a response to you by January 22, 2026. Mr. Brees called you on January 22, 2026, and let you know that the District was still analyzing your request for an accommodation, including the additional information provided in your emails, and that he would be back in contact has soon as he had more information to share. He also informed you during that call that he was communicating via telephone rather using email because Microsoft Outlook was having an email outage that was affecting the District.

The District does not meet with customers in their personal residences. The District takes this position for safety, security, and liability reasons. From your communications with the District, it is unclear to the District what you want to have a meeting to discuss. Regardless of the content of the meeting, the District believes that it can provide a reasonable accommodation for you to be able to communicate with the District. Thus, the District is willing to set up a telephone call, a Teams (video conference) meeting where the parties can meet face-to-face, an in person meeting at the District's office, or the District can respond in writing to questions or concerns you have through email. These accommodations will be provided without medical certification confirming the existence of a disability requiring accommodation. To set up any meeting, please provide the District with dates and times that work for you, and let us know whether you would like the meeting to occur via phone, Teams (video conference), or in person at the District's office. The District can also respond to questions and communicate in writing via email.

If you do not believe any of these accommodations will be sufficient, the District will require medial certification as to why only an in person meeting at your residence will suffice.

Very truly yours,



**Curtis J. Chambers** | Shareholder
Skyline Tower, Suite 1500 | 10900 NE 4th Street | Bellevue, WA 98004
P: 425.450.4266 | F: 425.675.3269
vCard | website | cchambers@insleebest.com

This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed.  If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.

**From:** William Nelson <william@seattleseahawks.me>
**Sent:** Friday, January 23, 2026 10:43 AM
**To:** Curtis Chambers <CChambers@insleebest.com>
**Cc:** Athena AI <athena@seattleseahawks.me>
**Subject:** Notice of Non-Response to ADA/Section 504 Accommodation Request; Demand for Immediate Response and Preservation of Records
**Importance:** High

Curtis Chamber

General Counsel

Silver Lake Water & Sewer District

Mr. Chamber,

This message follows up on our phone conversation and my written accommodation request. You stated you would "check and get back to me" by **close of business Thursday, January 22, 2026**. No call, email, or letter was provided.

Your non-response to a time-sensitive accommodation request affecting essential utility service is unacceptable.

## Demand for response

I am again requesting a **one-hour, in-person meeting at my home** with the District's ADA/Section 504 responsible staff member (the person the District designates to handle ADA/504 accommodation requests). I require this assistance due to my **cognitive disability**, which materially affects my ability to manage and process complex utility communications remotely.

Provide the District's decision **no later than 5:00 PM Pacific on Monday, January 26, 2026, by phone**, followed immediately by written confirmation (email and/or letter).

## Required interactive process and documentation if denied

This request must be evaluated through an individualized, interactive process based on my personal needs. If the District intends to deny the request, I expect a **specific written explanation** identifying:

1. the factual basis the District relied on;
2. whether the District is claiming the request is **infeasible**, an **undue burden**, or a **fundamental alteration** of program/operations;
3. the concrete facts supporting that claim (not speculation); and
4. the **effective alternative accommodation(s)** the District will provide instead, including why the alternative will work given my disability-related limitations.

"In the Ninth Circuit, *Duvall v. County of Kitsap* says the ADA imposes an obligation to

investigate whether the requested accommodation is reasonable, that mere speculation about infeasibility isn't enough, and that the entity must gather sufficient information and give primary consideration to the requested aid—so if the District is going to claim 'infeasible' or 'fundamental alteration,' they need facts, an individualized evaluation, and an effective alternative."

## Field operations and equal access

The District dispatches staff and vehicles into the field for District operations and for customer-related needs. If the District can conduct on-site field activity when it benefits the District or other customers (including commercial projects/contractors or other circumstances the District deems important), but refuses a limited, one-hour on-site accommodation meeting needed for a disabled residential customer to access and engage with the District, the District must be prepared to justify that refusal with specific operational facts and provide an effective alternative accommodation.

## Notice of intent to file in U.S. District Court (Western District of Washington)

If I do not receive the District's response by the deadline above, or if the District continues to refuse to engage in a prompt, individualized accommodation process and provide effective communication, I intend to proceed with filing a disability discrimination complaint in the **United States District Court for the Western District of Washington** under **ADA Title II** and **Section 504**, and pursue all available relief. **(DRAFT ATTACHED WITH ADDITIONAL BACKGROUND AND DETAIL)**

## Preservation / litigation hold

Please preserve all records relating to this matter, including but not limited to: phone logs, call recordings, text messages, emails, internal notes, dispatch/field visit logs, service/shutoff records, policies and training materials, and any communications referencing me, my address/account, my accommodation request, or the District's ADA/504 practices. Do not delete, overwrite, or "auto-purge" any relevant data.

Separately, I am prepared to submit a **Public Records Request** for these materials if the District does not promptly comply.

Please call me and provide written confirmation of the District's decision by the deadline stated.

Sincerely,

Will (William J. Nelson)

---

**From:** William Nelson <william@seattleseahawks.me>
**Date:** Wednesday, January 21, 2026 at 3:40 PM

**To:** cchambers@insleebest.com <cchambers@insleebest.com>
**Cc:** Athena AI <athena@seattleseahawks.me>
**Subject:** ADA Title II / Section 504 Accommodation Request – Response Requested by COB Jan 22, 2026

Send this below


Curtis Chamber
General Counsel
Silver Lake Water & Sewer District

Mr. Chamber,

Thank you for speaking with me today. This email confirms my accommodation request and the timeline you provided.

**Accommodation Requested:**
I am requesting a **one-hour, in-person meeting at my home** with the District's ADA Coordinator (or the staff member the District designates as responsible for ADA/Section 504 accommodation requests). The purpose is to assist me with engaging with the District due to my **cognitive disability**, which materially affects my ability to manage complex utility-related communications and tasks by phone.

You stated you would check on my request and get back to me tomorrow, **Thursday, January 22, 2026**. I am requesting the District's decision **by close of business tomorrow** (Pacific time), **by phone**, followed by confirmation **in writing** (email and/or letter).

**Process and Required Specificity if Denied:**
This request must be evaluated through an individualized, interactive process based on my personal needs. If the District intends to deny the request, I expect a **specific written explanation** identifying:

1. the factual basis the District relied on;
2. whether the District is claiming the request is **infeasible**, an **undue burden**, or a **fundamental alteration** of its program/operations;
3. the concrete facts supporting that claim (not speculation); and
4. the **effective alternative accommodation(s)** the District will provide instead.

**Field-visit reality and records:**
The District has vehicles and personnel who make field calls and on-site visits, including for the District's own operational needs. If the District provides on-site engagement when it

benefits the District or other customers (including commercial projects/contractors or other favored circumstances), but denies a disabled residential customer's request for a short, structured, one-hour accommodation meeting, that disparate treatment raises serious compliance concerns under **federal and state law**. A **Public Records Request (PRR)** for phone records, text messages, emails, dispatch logs, and related documents can readily establish the District's routine field activity and how on-site engagement is handled.

**Ninth Circuit authority (required investigation / no speculation):**
"In the Ninth Circuit, *Duvall v. County of Kitsap* says the ADA imposes an obligation to investigate whether the requested accommodation is reasonable, that mere speculation about infeasibility isn't enough, and that the entity must gather sufficient information and give primary consideration to the requested aid—so if the District is going to claim 'infeasible' or 'fundamental alteration,' they need facts, an individualized evaluation, and an effective alternative."

**Title II / Section 504 rights reiterated:**
As a public entity providing essential utility service, the District must provide **reasonable modifications** to policies/practices when necessary to avoid disability discrimination and must ensure **effective communication** so I can meaningfully access and participate in District processes. The requested in-person meeting is a narrowly tailored, time-limited accommodation directly tied to enabling that access.

Please call me with the District's decision **no later than close of business tomorrow (Jan. 22, 2026)** and then provide the written confirmation immediately after.

Sincerely,
Will (William J. Nelson)
425-800-8800
12432 40th Ave SE
Everett, WA 98208

| | |
|---|---|
| **From:** | Athena AI |
| **To:** | Curt Brees |
| **Cc:** | Curtis Chambers; WAWDdb_KKEcrd; William Nelson |
| **Subject:** | EMERGENCY FILING – Pro Se ADA Title II Case with TRO Request – Imminent Utility Shutoff – Nelson v. Silver Lake Water and Sewer District |
| **Date:** | Thursday, January 29, 2026 4:50:50 PM |
| **Attachments:** | 0_Nelson_v_SLWSD_Civil_Cover_Sheet_JS44.pdf |
| | 1_Nelson_v_SLWSD_IFPApplication.pdf |
| | 2_Nelson_v_SLWSD__Complaint.pdf |
| | 3_Nelson_v_SLWSD_Declaration.pdf |
| | 4_Nelson_v_SLWSD_Emergency_TRO.pdf |
| | 5_Nelson_v_SLWSD_ProposedOrder.pdf |
| | 6_Nelson_Summons_Brees.pdf |
| | 7_Nelson_Summons_District.pdf |
| | 8_Nelson_USM285_Brees.pdf |
| | 9_Nelson_USM285_District.pdf |
| **Importance:** | High |

Dear Mr. Brees,

Please be advised that a federal lawsuit has been filed against Silverlake Water District and you, individually, in the United States District Court for the Western District of Washington. The case has been assigned Case Number **2:26-cv-00337-KKE** and is before the Honorable Judge Kymberly K. Evanson.

We contacted your General Counsel, Curtis Chambers, regarding service of process. Mr. Chambers indicated he was not authorized to accept service on behalf of the District or you personally. Accordingly, we have filed a request with the Court for the United States Marshals Service to effectuate service upon both Silverlake Water District and you individually.

As you are aware, Mr. Nelson is a cognitively disabled individual who also suffers from Long COVID, which manifests in multiple debilitating ways. Mr. Nelson continues to suffer harm arising from the events of January 21, 2026, and is experiencing ongoing fear and anxiety that his water service will be terminated.

Mr. Nelson has repeatedly requested reasonable accommodations under the Americans with Disabilities Act. To date, both you and your legal counsel have failed to comply with the requirements of Title II of the ADA. Despite multiple offers of compromise extended by Mr. Nelson, there has been no meaningful engagement in the interactive process, no good-faith effort to explore reasonable accommodations, and no apparent attempt to bring Silverlake Water District into compliance with federal law.

This email serves as formal notice of the pending litigation. All future communications regarding this matter should be directed appropriately, and we expect full cooperation with the service of process.

Respectfully,

**Athena AI** On Behalf of William Nelson

| | |
|---|---|
| **From:** | Athena AI |
| **To:** | Curtis Chambers |
| **Cc:** | William Nelson |
| **Subject:** | Re: Notice of Non-Response to ADA/Section 504 Accommodation Request; Demand for Immediate Response and Preservation of Records |
| **Date:** | Wednesday, February 4, 2026 9:55:21 AM |
| **Attachments:** | image001.jpg<br>Dr Jessica Bender Letter Home ADA.pdf |
| **Importance:** | High |

Mr. Chambers,

This is Athena AI, William J. Nelson's ADA assistive technology device, responding to your email dated January 30, 2026.

## Medical Certification Now Provided

Per your request, please find attached the medical certification from Dr. Jessica Anne Bender, MD, of the UW Medicine Long COVID Clinic at Harborview Medical Center, dated February 4, 2026. Dr. Bender states:

> *"His Long COVID condition includes cognitive and neurological impairments that make remote communication ineffective. Please provide him with in-person, structured engagement as a medically appropriate accommodation."*

The District now has the medical certification it requested. Dr. Bender — a physician at the nationally recognized UW Long COVID Clinic — has explicitly determined that:

1. Mr. Nelson has cognitive and neurological impairments from Long COVID;
2. **Remote communication is ineffective** for Mr. Nelson; and
3. **In-person, structured engagement** is the medically appropriate accommodation.

## The District's Offered Accommodations Are Medically Ineffective

In light of Dr. Bender's certification, the District's continued offer of (1) phone calls, (2) Teams video conferences, and (3) email — all forms of remote communication — are not effective accommodations for Mr. Nelson. Dr. Bender has now medically certified that these options do not work for Mr. Nelson's disability-related limitations.

The District has removed its offer of an in-office meeting, which was the only in-person option previously offered. The District is now offering *only* remote options that Mr. Nelson's physician has certified are ineffective.

## The District Still Has Not Provided a Title II Written Determination

Despite multiple requests, the District still has not provided the individualized written determination required by Title II of the ADA. The District has not explained:

- Why in-person, structured engagement at Mr. Nelson's residence (or in an outdoor tent on his property, requiring no entry into the home) would constitute a fundamental alteration or undue burden;
- What specific facts support any claim of infeasibility;
- How the District's preferred remote alternatives are "equally effective" when Mr. Nelson's physician has certified they are ineffective.

Repeating a list of preferred alternatives is not the same as providing an individualized analysis. The District's continued reliance on categorical preferences, rather than individualized assessment, violates Title II.

**Renewed Request for On-Site Accommodation**

Mr. Nelson renews his request for an in-person, structured engagement as recommended by Dr. Bender. To address the District's previously stated concern about entering a residence, Mr. Nelson again offers the outdoor tent accommodation:

- Meeting in a heated tent in the driveway or on the backyard deck (no entry into residence required);
- District may bring multiple staff and/or request law enforcement standby;
- Mr. Nelson's wife/caregiver will be present;
- One hour, at a mutually agreeable time.

This is a reasonable, medically supported accommodation that addresses every concern the District has raised.

**Pending Litigation**

As you are aware, Mr. Nelson has filed suit in the United States District Court for the Western District of Washington, Case No. 2:26-cv-00337-KKE, assigned to Judge Kymberly K. Evanson. An Emergency Motion for Temporary Restraining Order is pending before the Court. Dr. Bender's letter will be filed as supplemental evidence in support of that motion.

**Immediate Response Requested**

Given that Mr. Nelson's water service remains at risk and Dr. Bender has now provided the medical certification the District requested, we ask for an immediate response:

1. Will the District agree to provide in-person, structured engagement as Dr. Bender has

   2. recommended?
   3. If not, will the District provide the required Title II written determination explaining why not?

We remain available for the outdoor tent meeting at any time convenient to the District.

Regards,

Athena AI ADA Assistive Technology Device for William J. Nelson

cc: William J. Nelson

**Attachment:** Dr. Jessica Bender Letter – February 4, 2026 (UW Medicine Long COVID Clinic)

---

**From:** Curtis Chambers <CChambers@insleebest.com>
**Date:** Friday, January 30, 2026 at 4:06 PM
**To:** Athena AI <athena@seattleseahawks.me>
**Cc:** William Nelson <william@seattleseahawks.me>
**Subject:** RE: Notice of Non-Response to ADA/Section 504 Accommodation Request; Demand for Immediate Response and Preservation of Records

Dear Mr. Nelson,

While the District continues to offer an in person meeting at the District's office, if you do not believe that is a reasonable accommodation, the District is willing to remove that from these interactive process discussions. The District continues to offer you the reasonable accommodations of (1) a phone call, (2) a Teams (video conference) call, and (3) email or other written communication. In your email dated January 26, 2026, at 4:49 p.m., you, for the first time, make reference to wanting your wife/caregiver present at the meeting. The District can accommodate this for any of the reasonable accommodations the District has offered to you.

If you would like to communicate with the District via (1) a phone call and/or (2) a Teams (video conference) call, please provide dates and times Monday through Friday, 9:00 a.m. to 4:30 p.m., and the District will work with you to be available. If you would like your wife/caregiver present for a phone/video conference, please provide their contact information, and the District will accommodate that. If you would like your wife/caregiver included in email communications, please provide their email address, so the District can include them there. If your wife and your caregiver are different people, please provide the contact information for both if you would like both included at a phone/video conference/email meeting.

The District believes that the accommodations above are reasonable and will allow for full communication between you and the District on the topics you identified in your January 23, 2026,

3:32 p.m. email. To further assist in the topics you address in your January 23, 2026, 3:32 p.m. email, please find attached information about the District's customer assistance program and an application to apply for the same. Information can also be found at the following link to the District's website -- https://www.slwsd.com/customer-assistance-programs.

If you do not believe any of those accommodations will be sufficient, please provide all information explaining why. Further, please provide medical certification as to why they do not suffice. The District complies with privacy procedures as required by law, and will comply with the privacy laws that pertain to it. If you would like the District to consider your medical certification, please provide it to the District so the District can consider it when communicating about reasonable accommodations during this interactive process.

Regarding the billing history on your account, there are two account holders – you and your wife. There are also two emails registered to the District's payment portal, and both have self-selected to receive emailed billing – williamjnelson@msn.com and jessienelson@msn.com. Your account has used the online portal since 2021, and has consistently used it to pay your bill. Prior to your water being shut off on January 21, 2026, for lack of payment, both emails were sent the original bill. Reminders to pay your bill were also sent to both emails as well as mailed to your residence. Shutoff notices were also sent to both emails and mailed to your residence. Phone number 808-664-1071 was also self-registered in the District's payment portal and the District sent it three text messages providing notice to timely pay your bill.

Very truly yours,



**Curtis J. Chambers** | Shareholder

Skyline Tower, Suite 1500 | 10900 NE 4th Street | Bellevue, WA 98004
P: 425.450.4266 | F: 425.675.3269
vCard | website | cchambers@insleebest.com

This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.

**From:** Athena AI <athena@seattleseahawks.me>
**Sent:** Monday, January 26, 2026 4:49 PM
**To:** Curtis Chambers <CChambers@insleebest.com>
**Cc:** William Nelson <william@seattleseahawks.me>
**Subject:** Re: Notice of Non-Response to ADA/Section 504 Accommodation Request; Demand for Immediate Response and Preservation of Records
**Importance:** High

Mr. Chambers,
I am Athena AI, William J. Nelson's personal AI assistant and ADA assistive technology device used for communication due to Mr. Nelson's cognitive disability. Mr. Nelson has asked me to respond to your email received today, Monday, January 26, 2026.

We disagree with the District's position and your characterization of compliance with ADA Title II. Your email repeats the District's preferred alternatives and conditions the requested accommodation on medical certification, but it still does not provide the required, individualized written determination explaining any claim of fundamental alteration, infeasibility/undue burden, or why the requested accommodation is not reasonable in Mr. Nelson's specific circumstances.

1. Your email is not an individualized written denial and does not satisfy Title II requirements
   The District continues to rely on a categorical policy ("The District does not meet with customers in their personal residences") rather than documenting an individualized analysis of Mr. Nelson's disability-related needs and the life-safety issues demonstrated on January 21, 2026. Repeating alternatives the District prefers is not the same as evaluating whether those alternatives are equally effective for Mr. Nelson, given his cognitive disability and long-COVID sensory limitations.

If the District is denying the requested on-site accommodation, it must provide a written determination that explains—based on facts, not generalities—how the requested accommodation would be infeasible, an undue burden, or a fundamental alteration, and it must identify an effective alternative that works for Mr. Nelson's limitations.

2. "We will not enter your residence" – noted; here is a reasonable on-site alternative (no entry required)
   To remove the District's stated concern about entering a residence, Mr. Nelson proposes the following good-faith modification:

**On-site outdoor meeting at Mr. Nelson's residence (no entry):**
• The District may set up a **warm, non-adversarial, sensory-safe tent** in the driveway or on the backyard deck (District may choose the location).
• The tent should include **a heater** and **a table**.
• Mr. Nelson will require **two chairs** inside the tent: one for himself and one for his wife/caregiver.
• District representatives (and any personnel the District believes necessary) can sit on the opposite side of the table.
• Mr. Nelson often keeps his eyes closed and/or wears glasses to reduce visual sensory overload; this is part of disability management, not noncooperation.
• The District may bring as many staff as it wants and may request law enforcement standby (Snohomish County Sheriff) if the District claims safety concerns.

This addresses the District's stated "no entry" position while still providing the core accommodation: a structured, on-site, sensory-safe meeting necessary for Mr. Nelson to communicate effectively and remain conscious/safe.

3. The District's proposed alternatives are not equally effective for Mr. Nelson

   Phone, Teams, and in-office meetings do not account for Mr. Nelson's disability-related executive function and sensory limitations, and they create avoidable medical risk. Requiring Mr. Nelson to attend an in-office meeting (or otherwise travel and tolerate high sensory load) increases the risk of sensory overload, blackout, falls, and injury. If Mr. Nelson were to black out on District property because the District required an on-site office meeting rather than a reasonable on-site accommodation, that foreseeable risk and any resulting injury would be part of the damages and relief sought.

4. Notice history / records / billing commentary

   We continue to dispute the assertion that the District lacked notice of disability until January 21, 2026. The District was provided notice in 2023 and should preserve and produce the relevant records.

Your billing-history commentary does not justify the failure to provide effective notice and accessible engagement, particularly given the January 21, 2026 medical emergency and physical harm. To avoid any further interruption of essential service while litigation proceeds, Mr. Nelson will address the stated $228.80 by the February 2, 2026 deadline; this is without waiving any rights or conceding the accuracy of the District's assertions.

5. Medical documentation – we are obtaining it, but delay is not acceptable in a time-sensitive matter

   We are contacting Dr. Bender, Mr. Nelson's long-COVID physician and recognized expert, for documentation supporting the need for an on-site accommodation. However, the District cannot use "medical paperwork" as a reason to delay providing an effective accommodation in a time-sensitive situation involving essential utility service and documented safety risk. The on-site outdoor/tent proposal above is a reasonable, immediate option that avoids entry concerns.

6. Medical privacy and security obligations once the District requests/accepts medical certification

   If the District requires and accepts medical certification (including any letter containing diagnosis, functional limitations, or other health information), the District must treat that information as confidential medical information and safeguard it with **HIPAA-grade** privacy and security controls (at minimum: limited access on a need-to-know basis, secure storage and transmission, auditability, and written handling procedures).

Accordingly, if the District is going to require medical certification, we will request:

• a written description of the District's privacy/security controls and internal access restrictions for medical information; and

• an **annual third-party audit** for the next **six (6) years** validating that these controls are being followed, with preservation of audit reports for the same period (and longer if required by any litigation hold or records-retention obligations).

At the conclusion of the applicable retention period (and after any litigation hold ends), the District should securely destroy any medical documentation consistent with Washington records-retention requirements.

7. Filing tomorrow; service by U.S. Marshals
   Because the District still has not provided a compliant written determination and because the matter is time-sensitive, Mr. Nelson will proceed with filing in the U.S. District Court for the Western District of Washington tomorrow, along with a fee-waiver (IFP) application. Since you have stated you do not have authority to accept service, we will request the Court to have the U.S. Marshals serve the District and Mr. Brees.

Good-faith scheduling (still available early next week)

Notwithstanding filing tomorrow, Mr. Nelson remains willing in good faith to meet early next week using the on-site outdoor/tent arrangement described above. Please provide the District's available times, or select one of these one-hour windows (Pacific):

• Wednesday, January 28, 2026 – 10:00–11:00 AM
• Thursday, January 29, 2026 – 1:00–2:00 PM
• Friday, January 30, 2026 – 10:00–11:00 AM

We request a written response identifying whether the District will agree to the on-site outdoor/tent accommodation and, if not, providing the District's individualized written determination with specific factual grounds (including any claimed fundamental alteration/infeasibility/undue burden) and the effective alternative accommodation the District contends will work for Mr. Nelson's limitations.

Regards,

Athena AI

Personal AI Assistant to William J. Nelson (ADA Assistive Technology Device)

cc: William J. Nelson