UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM NELSON,<br><br>    Plaintiff(s),<br><br> v.<br><br>SILVER LAKE WATER AND SEWER DISTRICT, et al.,<br><br>    Defendant(s). | CASE NO. C26-0337-KKE<br><br>ORDER DENYING MOTION FOR TRO |

  *Pro se* Plaintiff William Nelson filed an *ex parte* emergency motion for a temporary restraining order ("TRO") enjoining the Defendants, Silver Lake Water and Sewer District ("District") and Curt Brees, from terminating or interrupting his water service pending resolution of this action or further order of the Court.  The District had previously shut off his water service because of a past-due balance, but restored service and provided Nelson with additional time to make payment and bring his account into good standing.  In his motion, Nelson asserted that, absent this Court's intervention, he would face irreparable harm as the District would imminently shut off his water access.  Ultimately, however, the past-due amount was paid by the due date.  Thus, no water shutoff is imminent.  As such, the Court denies Nelson's motion for a TRO.

//

//

//

ORDER DENYING MOTION FOR TRO - 1

# I. BACKGROUND

## A. Procedural History

Nelson filed this action under the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act with an accompanying *ex parte* emergency motion for a TRO. Dkt. No. 2. The Court previously denied Nelson's *ex parte* motion on account of his failure to comply with Federal Rule of Civil Procedure 65(b), and required Nelson to serve his motion on Defendants. Dkt. No. 9. Nelson subsequently requested service upon Defendants by the U.S. Marshals Service under Federal Rule of Civil Procedure 4(c)(3). Dkt. No. 10. The Court granted Nelson's request, directing the U.S. Marshals Service to serve Defendants "as soon as practicable." Dkt. No. 11. Defendants have now appeared and responded to Nelson's motion, which is ripe for consideration.

## B. Factual Background

Nelson avers that he suffers from long COVID, which causes him "cognitive impairment, executive function deficits, sensory processing difficulties, and risk of blackouts and falls." Dkt. No. 2 at 2. On January 21, 2026, following nonpayment of his water bill, the District shut off water service to Nelson's residence. *Id.* Nelson alleges that he suffered chemical burns, which he was unable to remove due to a lack of access to running water. *Id.* After this incident, according to Nelson, the District restored his service and provided a two-week payment extension. *Id.* at 3. The deadline for Nelson to pay his past-due balance was February 2, 2026. *Id.*

The crux of Nelson's motion for TRO is that, without the Court's intervention, the District will imminently shut off his water service and cause similar harm. *Id.* Accordingly, Nelson requests the Court enjoin Defendants from shutting off his service. *Id.* at 5. He further alleges that Defendants have denied him reasonable accommodations under the ADA by way of an in-person meeting at his home to discuss the outstanding payment on his water bill and possible

entitlement to certain discounts, including for those with low incomes and disabilities. *Id.* at 2–3. As such, in addition to his request to enjoin Defendants from shutting off his water service, Nelson also requests that the Court require Defendants "to engage in the interactive process and provide the requested accommodation [in-person] meeting" "within 14 days," require Defendants to apply discounts to his water bill, and require Defendants to "designate an ADA/Section 504 Coordinator." *Id.* at 5.

In response, Curt Brees, the District's General Manager, filed a declaration providing, in relevant part, that on February 2, 2026, Nelson's past-due bill was paid in full, and his next bill will not be due until April 15, 2026. *See* Dkt. No. 18 at 4. Thus, Nelson's water account is no longer delinquent and will not be "subject to service disconnection until May 15, 2026, with an approximate shut off date of May 27, 2026, or shortly thereafter" in the event of future non-payment. *Id.*

## II.   ANALYSIS

Motions for TROs and preliminary injunctions are governed by "substantially identical" standards. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A TRO is an "extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). A plaintiff seeking a TRO must establish (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) a balancing of equities tips in his favor; and (4) such relief is in the public interest. *Id.* at 20. To obtain preliminary relief, "plaintiffs must establish that irreparable harm is likely, not just possible[.]" *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

Here, the second factor is dispositive. Nelson's account is now paid in full and will not be subject to a service shutoff until, at the earliest, May 27, 2026 (should his account again become

delinquent). Thus, there is no likelihood of irreparable harm in the absence of preliminary relief from the Court.

As such, the Court denies Nelson's motion.

### III.  CONCLUSION

The Court DENIES Nelson's motion for a temporary restraining order. Dkt. No. 2.

Dated this 6th day of February, 2026.

Kymberly K. Evanson
United States District Judge