UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM NELSON,<br><br>                Plaintiff(s),<br>   v.<br><br>SILVER LAKE WATER AND SEWER DISTRICT, et al.,<br><br>              Defendant(s). | CASE NO. C26-0337-KKE<br><br>ORDER ON JOINT STATUS REPORT |

This matter is before the Court upon *pro se* Plaintiff William J. Nelson's failure to respond to the Court's order to show cause. *See* Dkt. No. 31. On March 27, 2026, counsel for Defendant, Curtis Chambers, filed with the Court a letter explaining why the parties' joint status report ("JSR") had not been filed. Dkt. No. 30. Chambers asserted that, despite having made multiple attempts to confer with Nelson and file a JSR, Nelson never replied to his emails. *Id.* at 2. ("I have not been able to comply [with the JSR order] because Mr. Nelson is not communicating with me to complete the tasks the court has ordered us to complete together."). Upon receipt of Chambers' letter, the Court ordered Nelson to show cause why his claims should not be dismissed for failure to comply with its JSR order (Dkt. No. 25) and warned Nelson that his failure to timely respond would result in dismissal of his case without prejudice. Dkt. No. 31.

On April 6, 2026, Nelson filed a response to Chambers' letter but did not address the Court's order to show cause. Dkt. No. 32 at 2 (explaining "[t]his letter … responds to the March

ORDER ON JOINT STATUS REPORT - 1

27, 2026 letter filed by defense counsel Curtis J. Chambers").[1]  In his response to Chambers' letter, Nelson briefly acknowledged the JSR and stated that he did not have "an opportunity to review, complete, or respond to [the] document because the Court has made it impossible for him to participate."  Dkt. No. 32 at 7.  The majority of Nelson's response was comprised of medical records and a summary of Nelson's demands in this and other cases.  While it is clear that Nelson strongly objects to this District's policy that does not permit filing case documents via email,[2] he fails to explain why he did not communicate with Chambers to complete the JSR or otherwise take steps to advance his case.

The Court may continue deadlines for good cause, including for health-related reasons, and regularly issues such continuances.  Here, however, Nelson did not request a continuance from Chambers or the Court.  Rather, he elected not to participate in the JSR process at all.  Instead, as detailed in his response to Chambers, during the relevant time period, Nelson initiated two other lawsuits: one in this district (*see id.* at 1, 16) and another in the U.S. District Court for the District of Columbia ("D.D.C.").  Dkt. No. 32 at 1, 16; Dkt. No. 32-1 at 49.  Just three days before the JSR was due in this case, and one day before Chambers emailed him to discuss the JSR, Nelson emailed case intake at the D.D.C. to seek accommodations for his disability in his case there.  *See* Dkt. No. 32-1 at 46–47.  In light of that correspondence, it is unclear why Nelson could not have replied to Chambers either to timely file the JSR, or, in the alternative, to seek a joint continuance of the JSR

---

[1] Nelson noted that his response to Chambers was intended to be filed in all three of his pending cases in this district. Dkt. No. 32 at 1.

[2] As Nelson has been repeatedly advised by the Court and the Clerk's office, Nelson is welcome to continue to file via mail (as he has done in this case) or use the Court's free electronic case filing system, or, if he chooses, file documents in person at the courthouse. *See, e.g.*, Dkt. No. 29 at 2.  Contrary to Nelson's assertions, the Court has never "demanded in-person appearance" (Dkt. No. 32 at 7) or restricted his filing access to in-person filing only. *See* Dkt. No. 29 at 2 (Court explaining that Nelson may file documents "*either* electronically through CM/ECF *or* conventionally by mail *or* in person" (emphasis added)); *see also* Dkt. No. 32-1 (courtroom deputy explaining to Nelson that he "*may* file [documents] either in person … or via US Mail," or, alternatively, "electronically using the Court's electronic filing system (CM/ECF)" (emphasis added)).  Moreover, no hearings have been held in this case nor any proceedings that would require any party to appear at the courthouse.

ORDER ON JOINT STATUS REPORT - 2

deadline. *See* Dkt. No. 32-1 at 46–47. Instead, Nelson never replied to Chambers, and consequently, no JSR was filed. Dkt. No. 32-1 at 50–52. This timeline suggests to the Court that Nelson opted to litigate his case in the D.D.C. in lieu of satisfying his obligations in this one.

The Court additionally observes that on April 27 and April 28, 2026, it received, returned as undeliverable, orders previously mailed to Nelson at the address he has listed on file with the Clerk's office. Dkt. Nos. 33, 34. Under the local rules of this District, a party who, as Nelson does, proceeds *pro se* "shall keep the court and opposing parties advised as to his or her current mailing address[.]" Local Rules W.D. Wash. LCR 41(b)(2). It is Nelson's responsibility to keep the Court apprised of an address where he can receive mail. *Id.* This requirement is particularly important for litigants such as Nelson who choose to litigate their case by mail rather than through the electronic filing system. *See* Dkt. No. 29 (order on case filing providing CM/ECF instructions and explaining to Nelson that if he did "not register for CM/ECF electronic filing, all future orders and documents from this Court will be sent to [him] via regular mail."). Nelson's failure to comply with the Local Rules further evinces his failure to prosecute this case. Furthermore, the Court notes that if Nelson does not provide a current address by June 26, 2026, his case may be dismissed for failure to prosecute. *See* LCR 41(b)(2) ("if such plaintiff fails to notify the court and opposing parties within 60 days [after mail is returned as undeliverable] of his or her current mailing … address, the court may dismiss the action without prejudice for failure to prosecute."). Nelson may alternatively register for electronic filing using CM/ECF. *See id.*

In sum, Nelson's filing fails to show cause for his non-compliance with the Court's JSR order and the order to show cause is thus not discharged at this time. However, because Nelson is proceeding *pro se*, the Court will provide a <u>final opportunity</u> for him to comply with the Court's case schedule. To proceed with this action, Nelson must respond to Chambers and engage in the JSR process; the parties must file the JSR by May 22, 2026.

ORDER ON JOINT STATUS REPORT - 3

If Nelson again fails to comply with the Court's order, consistent with its prior warning, the Court will dismiss this action without prejudice.  *See* Fed. R. Civ. P. 41(b); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (courts may, under Federal Rule of Civil Procedure 41(b), *sua sponte* dismiss a case for a plaintiff's failure to prosecute); *Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992) ("The district judge has an obligation to warn the plaintiff that dismissal is imminent.").

In sum, the Court ORDERS as follows:

1.  The parties SHALL file their JSR no later than May 22, 2026.

2.  If Nelson chooses to continue litigating his case by mail, Nelson SHALL provide the Court a current mailing address no later than June 26, 2026.

3.  Failure to comply with this order will result in dismissal of this action without prejudice.

Dated this 8th day of May, 2026.

Kymberly K. Evanson
United States District Judge

ORDER ON JOINT STATUS REPORT - 4