UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM NELSON, | CASE NO. C26-0337-KKE |
| Plaintiff(s), | DISMISSAL ORDER |
| v. | |
| SILVER LAKE WATER AND SEWER DISTRICT, et al., | |
| Defendant(s). | |

Plaintiff William Nelson, proceeding pro se, filed this action on January 28, 2026, alleging that the Silver Lake Water and Sewer District was denying him reasonable accommodations in violation of the Americans with Disabilities Act ("ADA"). Dkt. No. 1. At the same time, Nelson moved for a TRO regarding an alleged imminent shut off his water service. However, because he paid his past due balance, his water service was ultimately not in danger, and the Court denied the motion. Dkt. No. 22 at 3-4. Nelson appealed the denial of the TRO, seeking a writ of mandamus in the Ninth Circuit Court of Appeals, which was denied. Dkt. No. 14. Defendants then answered the complaint, and on February 12, 2026, the Court issued its standard order regarding initial disclosures and joint status report ("JSR order"). Dkt. No. 25.

On March 1, 2026, the Court received an email from Plaintiff requesting, among other things, that all court communications and orders be sent to him via email and that he be permitted to file documents via email. *See* Dkt. No. 29 at 1. The Court advised Plaintiff that while the Court

DISMISSAL ORDER - 1

does not accept email filings, he could register for and use the electronic filing system ("CM/ECF") to file documents and receive and view Court orders electronically. *Id.* Noting that Nelson had already twice received the CM/ECF instructions from the Clerk's office via his other cases in this district, the Court directed the Clerk's office to again provide those instructions to Nelson. *Id.* The Court further advised that if Nelson did not register for CM/ECF, all future orders would continue to be sent to the mailing address he had provided to the Court, as they had been since the inception of this action.[1]

On March 27, 2026, counsel for Defendant filed a letter outlining the steps that he had taken in an effort to comply with the JSR Order requiring a Federal Rule of Civil Procedure 26(f) conference and submission of a joint status report with the Plaintiff. Dkt. No. 30. Counsel for Defendant stated that, as of March 27, 2026, Plaintiff had not responded to his multiple emails, and as such, he could not complete the conference or the joint status report by the March 26, 2026 deadline. *Id.*

On March 30, 2026, the Court ordered Plaintiff to show cause why his case should not be dismissed for failure to comply with the JSR Order. Dkt. No. 31. The Court warned that Nelson's failure to timely respond to its order would result in dismissal of his lawsuit without prejudice. *Id.* Rather than responding to the Court's order, on April 6, 2026, Nelson filed by mail a response to Defendant's March 27 letter. *See* Dkt. No. 32. In this filing, Nelson again lodged his objections to this district's practice of accepting filings electronically through CM/ECF, by mail, or in-person, but not via email. Along with his response, Nelson submitted a past due payment notice for a private post office box in Everett, Washington, dated March 9, 2026. Dkt. No. 32-1 at 45. The

---

[1] Contrary to Nelson's repeated assertions, at no time did the Court "demand" Plaintiff "file documents in person." Dkt. No. 36 at 4. The Court has never required Plaintiff's in-person appearance in this case, nor ever requested he personally travel to the courthouse, and no hearings have been held.

DISMISSAL ORDER - 2

notice stated that if payment was not received within five days, his private mailbox service would be terminated. *Id.* Notwithstanding his receipt of this notice at his private mailbox in March 2026, in his April 6, 2026 filing, Mr. Nelson insisted that his U.S. Mail service "has been cancel[l]ed (sic)" and that he accordingly "has not received any documents from this Court … since approximately December 2025." Dkt. No. 32 at 7.

The Court nonetheless gave Nelson a final opportunity to comply with its JSR order, and ordered him to "engage in the JSR process." Dkt. No. 35 at 4. The Court ordered the parties to file their JSR no later than May 22, 2026, and again warned Nelson that failure to comply with its orders would result in dismissal of the case without prejudice. *Id.* at 5. The Court directed Nelson to provide a current mailing address, advising him of Local Rule 41(b)(2)'s requirement to do so. *See id.* at 3. The Court further warned Nelson that failure to update his address could result in dismissal of the action. *Id.* (quoting Local Rule W.D. Wash. LCR 41(b)(2)).

On May 18, 2026, Nelson filed a declaration, again lodging objections to this district's filing options and stating that with limited exceptions he has "not received any documents from the Western District of Washington in any of [his] three pending cases since approximately December 2025," including "orders, minute entries, scheduling notices, case management directives, filings by opposing parties, and any other court-generated or court-transmitted documents."[2] Dkt. No. 36 at 3. Nowhere in Nelson's declaration does he address his JSR

---

[2] While some orders sent to Plaintiff's address on file have been recently returned as "refused" or "return to sender", Dkt Nos. 33, 34, 37, numerous orders issued since this case was filed in January 2026 appear to have been successfully delivered. Nelson's filing history also suggests that he is receiving notice of the Court's orders. Moreover, though Plaintiff apparently terminated his private mailbox service via non-payment in mid-March 2026, Dkt. No. 32-1 at 45, his claim that his U.S. Mail service has been cancelled is not supported by the record. To the contrary, Plaintiff alleged his complete home address in his complaint and has never asserted he cannot receive mail there. *See* Dkt. No. 1 ¶ 4. Regardless, as detailed below, because Plaintiff is choosing to litigate via the mail, it is his responsibility to provide an accurate mailing address.

DISMISSAL ORDER - 3

obligations.  *See* Dkt. No. 36.  Thus, as a preliminary matter, the Court finds that Nelson has again failed to follow its orders.

Even assuming Nelson's assertions about his receipt of mail are accurate, "[a] party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address."  *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988).  Interpreting Local Rule 41(b)(2), the Ninth Circuit has explained that the rule's "practical effect is … to encourage all pro se litigants … to keep the court abreast of their current mailing addresses, as all other litigants are required to do," and that such a requirement "enable[s] the court to communicate with [pro se litigants] when necessary."  *Id.* at 1441.  In *Carey*, the Ninth Circuit rejected a pro se litigant's "suggestion that [it] impose upon the district court an affirmative obligation to call [him] prior to dismissing his lawsuit," reasoning that "[r]equiring any additional notice in the unique present circumstances presented by a pro se litigant's failure to advise the district court of a change in his address is unworkable."  *Id.*  Thus, at bottom, it is Nelson's responsibility to keep the Court apprised of a current address where he can receive mail.  As underscored in the prior order, this is especially so because he chooses to litigate his case by mail.

Accordingly, consistent with its two prior warnings (Dkt. Nos. 31, 35), the Court will dismiss this action without prejudice.  *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962).  The Clerk's office is directed to close this case.

Dated this 2nd day of June, 2026.

Kymberly K. Evanson
United States District Judge

DISMISSAL ORDER - 4