FILED
LODGED | **MAIL**
RECEIVED

JUN 2 2 2026

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                              DEPUTY

WILLIAM J. NELSON,

Plaintiff,

v.

SILVER LAKE WATER AND SEWER
DISTRICT, et al.,

Defendants.

Case No. 2:26-cv-00337-KKE

**PLAINTIFF'S MOTION FOR ORDER DIRECTING SERVICE ON PLAINTIFF BY ELECTRONIC MEANS UNDER FED. R. CIV. P. 5(b)(2)(E) AND 77(d), FOR WRITTEN CONFIRMATION OF DOCKET STATUS, AND FOR RE-SERVICE OF THE COMPLETE DOCKET**

**NOTE ON MOTION CALENDAR:
June 26, 2026**

## I. RELIEF REQUESTED

Plaintiff William J. Nelson respectfully moves the Court, pursuant to Federal Rules of Civil Procedure 5(b)(2)(E) and 77(d), for a single, ministerial form of relief: the restoration of notice. Specifically, Plaintiff requests an order directing the Clerk of Court to (1) confirm in writing the current status of the docket in this matter, including every document filed and every order entered to date; (2) re-serve upon Plaintiff, by email, a complete copy of the docket sheet and every order and filing entered in this matter to date; and (3) serve upon Plaintiff, by email, every order, judgment, and filing entered in this matter going forward, pursuant to Plaintiff's written consent under Rule 5(b)(2)(E) set out in Section II below. Plaintiff specifically requests confirmation whether any responses, oppositions, or orders have been filed or entered in this matter since March 1, 2026, none of which have been served on or received by Plaintiff.

This motion presents one issue — the method by which the Court serves documents on Plaintiff — and requests no substantive relief of any kind. Plaintiff's separate requests concerning accommodation, appointment of counsel, and related matters are not raised here and will be presented, if necessary, by separate motions so that each may be addressed on its own merits.

Plaintiff has noted this motion for the second Friday after its anticipated filing. Because Plaintiff is unable to access CM/ECF and has no reliable means of confirming the date on which the

Clerk dockets this motion, Plaintiff respectfully requests that, if the actual docketing date differs, the Court treat the motion as noted for the second Friday after the Clerk dockets it, and, given the ministerial nature of the relief, that the Court advance consideration to the earliest practicable date.

## II.  WRITTEN CONSENT TO ELECTRONIC SERVICE

Federal Rule of Civil Procedure 5(b)(2)(E) provides that a paper may be served by "sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing." Plaintiff hereby gives his express written consent, within the meaning of Rule 5(b)(2)(E), to service of all orders, judgments, notices, and filings in this matter by electronic mail addressed to william@seattleseahawks.me, with a courtesy copy to athena@seattleseahawks.me, the address of Plaintiff's assistive technology. This consent is unconditional and continuing for the duration of this action.

## III.  STATEMENT OF FACTS

Since approximately December 2025, Plaintiff has received no documents from any federal court in any of his pending matters. Every channel by which the Court might communicate with Plaintiff has been severed. Plaintiff is homebound and cannot reliably receive postal mail following his caregiver's stroke. Plaintiff collapsed on the federal courthouse steps in March 2026 and was hospitalized, suffering cardiac arrest and a drug-resistant infection, and in-person access is medically foreclosed. Plaintiff is unable to use CM/ECF: the system requires signing into multiple pages, navigating through several screens, and completing a complex multi-step filing process — tasks Plaintiff cannot perform because of his cognitive disability, as documented by multiple medical doctors and mental health providers. And by letter dated March 20, 2026, the District's Deputy in Charge, Patrick Sherwood, directed that the Court would disregard Plaintiff's email communications. The combined effect is that Plaintiff is a party to active litigation in this Court while receiving nothing from it and having no usable channel into it.

Plaintiff notified both of the District's designated Judicial Conference Access Coordinators, Patrick Sherwood and Kris Porter, of his inability to use CM/ECF and of his need for

accommodation. Mr. Sherwood denied Plaintiff's requests without conducting the interactive process that the Judicial Conference policy mandates. Ms. Porter has never responded to any of Plaintiff's emails, dating back to 2024, and when Plaintiff attempted to reach her by telephone through a relay service, she hung up on him and took another call — an event captured in the relay-service record. Plaintiff has thus exhausted every avenue the Court itself designated for resolving precisely this problem.

The Court itself has used email to transmit case documents to Plaintiff in this very case: initial case documents in this matter were emailed to Plaintiff by the Court in January 2026. Plaintiff thereafter received certain orders (Dkt. 24, 25, and 29) only as attachments to emails from opposing counsel — not from the Court. Since approximately December 2025, Plaintiff has received no documents from the Court in this matter by mail or by any other means.

Plaintiff documented his inability to receive court communications in a sworn Declaration of Denial of Access to Court, executed under 28 U.S.C. § 1746 on May 6, 2026, submitted herewith as Exhibit A. The March 20, 2026 letter is submitted as Exhibit B. Evidence of the Court's own email transmissions to Plaintiff is submitted as Exhibit C.

## IV. LEGAL AUTHORITY

**A. Rule 77(d) requires the Clerk to serve notice of every order, and Rule 5(b)(2)(E) expressly authorizes email service upon written consent.**

Rule 77(d)(1) commands that "[i]mmediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b), on each party who is not in default for failing to appear." Rule 5(b)(2)(E), in turn, expressly authorizes service "by other electronic means that the person consented to in writing." Plaintiff has appeared, is not in default, and has now consented in writing to email service. The relief requested is therefore nothing more than the application of the Federal Rules as written: the Clerk must serve notice of every order, and email is a method the Rules themselves provide. No exercise of discretion to depart from any rule is requested; the Rules supply the method, and Plaintiff supplies the consent.

**B. The Judicial Conference and the federal courts' own published practice confirm that email service on pro se parties is ordinary, not exceptional.**

Since 1995 the Judicial Conference of the United States has required all federal courts to provide reasonable accommodations to persons with communications disabilities. Guide to Judiciary Policy, Vol. 5, § 255. The federal courts' own published procedures show that electronic service and filing for pro se parties is standard practice across the country. The United States District Court for the District of Columbia publishes "Email Filing Procedures for Unrepresented Parties" and an electronic-noticing program under which a pro se party's registration operates as consent under Rule 5(b)(2)(E). The Southern District of New York accepts pro se filings by email to a dedicated address. The Northern District of California permits pro se litigants to register for ECF and receive orders solely by emailed notice of electronic filing. The Eastern District of Oklahoma's published ADA-accommodations page describes the Judicial Conference policy as one that has "mandated" reasonable accommodations since 1995. What Plaintiff requests here is what other district courts provide as a matter of published, routine procedure.

**C. This Court's own practice.**

This Court's own practice confirms that the relief requested is routine. In Fulk v. Bovenkamp, No. C24-06014-KKE-MLP (W.D. Wash. Sept. 26, 2025), this Court appointed pro bono counsel for a pro se litigant and directed that the order be served by email. Service of court documents on a pro se party by email is therefore not novel in this District or before this Court; it is an ordinary tool of case administration.

## V. THE RELIEF REQUESTED IS MINISTERIAL AND PREJUDICES NO ONE

Granting this motion requires no finding on any disputed issue, alters no deadline, and resolves no claim or defense. It costs nothing — email is less burdensome to the Clerk than printing and mailing — and it prejudices no party. Denying it, by contrast, leaves a litigant in active federal litigation with no means of learning what the Court has ordered. Whatever the Court's view of Plaintiff's other pending or forthcoming requests, this one is antecedent to all of them: a party

cannot respond to orders he never receives. Plaintiff respectfully asks that this motion be decided on its own terms and on this record.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court direct the Clerk to confirm the docket status of this matter in writing, to re-serve the complete docket on Plaintiff by email, and to serve all future orders and filings on Plaintiff by email pursuant to Rule 5(b)(2)(E). A proposed order is submitted herewith.

I certify that this memorandum contains 1310 words, in compliance with the Local Civil Rules.

DATED this 12th day of June, 2026, at Everett, Washington.

Respectfully submitted,

William J. Nelson, Plaintiff Pro Se
NO US MAILING ADDRESS AVAILABLE
(425) 645-9222 (desk)
(425) 800-8800 (mobile)
william@seattleseahawks.me

*Prepared with the assistance of Athena AI, Plaintiff's assistive technology, 29 U.S.C. § 3002(4); see Wash. GR 33 orders recognizing same in Plaintiff's state-court matters.*



FILED
LODGED
RECEIVED

MAIL

JUN 2 2 2026

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                          DEPUTY



USPS APIs



06/15/2026
U.S. POSTAGE
$2.44
LFP

U.S. DISTRICT COURT WESTERN DISTRICT OF WASHINGTON
700 STEWART ST STE 2310
SEATTLE WA 98101-4442